# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Adaptive 3D Technologies, LLC, | ) | Case No. 25-90267 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Desktop Metal, Inc., | ) | Case No. 25-90268 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Adaptive 3D, LLC, | ) | Case No. 25-90269 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Beacon Bio Inc., | ) | Case No. 25-90270 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Brewer Tafla Dental Technologies, LLC, | ) | Case No. 25-90271 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Dental Arts Laboratories, Inc., | ) | Case No. 25-90272 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Desktop Labs, Inc., | ) | Case No. 25-90273 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Desktop Metal Operating, Inc., | ) | Case No. 25-90274 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Desktop Metal Securities Corporation, | ) | Case No. 25-90275 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EnvisionTEC US LLC, | ) | Case No. 25-90276 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ExOne Amercias LLC, | ) | Case No. 25-90277 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ExOne Operating, LLC, | ) | Case No. 25-90278(CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Figur Machine Tools LLC, | ) | Case No. 25-90279 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Larry Brewer Dental Lab Inc., | ) | Case No. 25-90280 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| May Dental Arts, LLC, ) | Case No. 25-90281 (CML) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| The Syzygy Memorgy Plastics Corp., ) | Case No. 25-90282 (CML) |
| ) | |
| Debtor. ) | |
| ) | |

**DEBTORS' EMERGENCY MOTION FOR ORDER
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

> **Emergency relief has been requested. Relief is requested not later than July 28, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto (the "Order"), (a) directing procedural consolidation and joint administration of these Chapter 11 Cases and (b) granting related relief.

2. Specifically, the Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Debtor Desktop Metal, Inc., and that the cases be administered under a consolidated caption as follows:

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

3. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (defined below).

4. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Debtor Desktop Metal, Inc. to reflect the joint administration of these Chapter 11 Cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. **The docket in Case No. 25-90268 (CML) should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in and all further docket entries shall be made in such case**. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Adaptive 3D Technologies, LLC, Case No. [25-90267 (CML)]; Desktop Metal, Inc., Case No. [25-90268 (CML)]; Adaptive3D, LLC, Case No. [25-90269 (CML)]; Beacon Bio, Inc., Case No. [25-90270 (CML)]; Brewer Tafla Dental Technologies LLC, Case No. [25-90271 (CML)]; Dental Arts Laboratories, Inc., Case No. [25-90272 (CML)]; Desktop Labs, Inc., Case No. [25-90273 (CML)]; Desktop Metal Operating, Inc., Case No. [25-90274 (CML)]; Desktop Metal Securities Corporation, Case No. [25-90275 (CML)]; EnvisionTEC US LLC, Case No. [25-90276 (CML)]; ExOne Americas LLC, Case No. [25-90277 (CML)]; ExOne Operating LLC, Case No. [25-90278 (CML)]; Figur Machine Tools, LLC, Case No. [25-90279 (CML)]; Larry Brewer Dental Lab, Inc., Case No. [25-90280 (CML)]; May Dental Arts LLC, Case No. [25-90281 (CML)]; and The Syzygy Memory Plastics Corp., Case No. [25-90282 (CML)].

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1015(b) and 7008, and Rules 1015-1, 1075-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## GENERAL BACKGROUND

8. On the date hereof (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

9. The Debtors are a pioneer in the additive manufacturing, or 3D printing, business, providing innovative products and services related thereto. The Debtors' innovative technologies have numerous applications in the automotive, healthcare and dental, consumer products, heavy industry, aerospace, machine design, and research and development spaces, among others. The Debtors' operations include the manufacturing and sale of 3D printers and other manufacturing systems, the production and sale of software and consumable materials for use in additive

technology processes, metal and industrial polymer manufacturing, and providing sand casting products and services.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015. The Debtor entities that commenced these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Furthermore, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases for procedural purposes.

11. Joint administration for procedural purposes only is appropriate in the Debtors' cases. Given the integrated nature of the Debtors' operations, joint administration will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each of the five Debtor entities. Joint administration as requested herein will allow the U.S. Trustee and all parties in interest to monitor these Chapter 11 Cases efficiently and with greater ease, as all filings will be available on one docket rather than across multiple dockets.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. In fact, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. The entry of an order directing joint administration will reduce fees and costs by avoiding duplicative filings. Parties in interest will still receive notices as required in the Bankruptcy Rules and the Local Rules or pursuant to this

Court's orders. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## **EMERGENCY CONSIDERATION**

13. The Debtors request emergency consideration of the Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and that any delay in granting the relief requested could hinder such operations and cause irreparable harm. This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The requested relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested herein on an emergency basis.

## **NOTICE**

14. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules and Local Rules. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the parties holding secured claims against the Debtors; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; (h) governmental agencies having a regulatory or statutory interest in

these cases; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

## CONCLUSION

**WHEREFORE**, the Debtors request that the Court enter the attached Order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: July 28, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*
Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (*pro hac vice* forthcoming)
Gregory V. Demo (*pro hac vice* forthcoming)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
gdemo@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

      I certify that on July 28, 2025, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen

9