Case 25-90268   Document 217   Filed in TXSB on 08/20/25   Page 1 of 18

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

### *SECOND* INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL, (B) PROVIDING ADEQUATE PROTECTION, (C) MODIFYING THE AUTOMATIC STAY, AND (D) SCHEDULING A FINAL HEARING

(Regarding Docket Nos. 71, 117)

Upon the motion [Docket No. 71] (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") under sections 105, 361, 362, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), for interim and final orders: (a) authorizing the Debtors to use cash collateral; (b) providing adequate protection to the Prepetition Secured Parties and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel");[3] (c) modifying the automatic stay; and (d) scheduling a final hearing (the

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2] A capitalized term not defined herein shall have the meaning ascribed to it in the Motion.

[3] Quinn Emanuel obtained an attachment order against certain assets of Desktop Metal, Inc. prior to the Petition Date. Quinn Emanuel's claim is included in the top 30 list filed by the Debtors in these cases in the amount of $29,187,502.97 (contingent, unliquidated, & disputed).

"Final Hearing") to consider the entry of an order granting the relief requested in the Motion on a final basis; and an initial hearing on the Motion having been held by this Court on July 31, 2025 (the "First Interim Hearing") and a further interim hearing on the Motion having been held by this Court on August 18, 2025 (the "Second Interim Hearing"); and the Court having entered an interim order approving the Motion on August 4, 2025 [Docket No. 117] (the "First Interim Order"); and the Court having considered the Motion, the First Day Declaration, and the evidence submitted or adduced and the arguments of counsel made at the First Interim Hearing and the Second Interim Hearing; and notice of the Motion, the First Interim Hearing, and the Second Interim Hearing having been given in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and Bankruptcy Local Rule 4001-2; and the Second Interim Hearing to consider the interim relief requested in the Motion having been held and concluded; and all objections, if any, to the relief requested in the Motion on an interim basis having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief requested is necessary to the Debtors and their estates pending the Final Hearing, and otherwise is fair and reasonable, in the best interests of the Debtors, their estates, creditors, and equity holders, and essential to maximize the value of the assets of the Debtors' business and estates; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED** that:

1. *Disposition*. The Motion is granted on an interim basis on the terms set forth herein. Any objections to the interim relief sought in the Motion, and any reservations of rights with respect to such interim relief, that have not been previously resolved or withdrawn, are overruled on the merits. This Second Interim Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

2. *Jurisdiction and Venue*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors have confirmed their consent pursuant to Bankruptcy Rule 7008 to the entry of a final order by the Court in connection with the Motion. No request has been made for the appointment of a trustee or examiner. On August 6, 2025, the Office of the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases.

3. *No Waivers*. Other than as expressly set forth herein with respect to the Prepetition First Lien Secured Obligations, none of the Debtors, the Committee, their respective successors in interest (including without limitation any chapter 7 trustee or any trustee of any post-confirmation trust), or any other parties-in-interest make any representation, warranty, acknowledgement, or admission (a) regarding whether a party has (or does not have) any defenses, setoffs, counterclaims, challenges, or recoupments that could be asserted against the Prepetition Secured Parties or Quinn Emanuel, and (b) with respect to the enforceability, perfection, priority, avoidability, or validity of the Prepetition Secured Parties' or Quinn Emanuel's security interests in the Debtors' assets, and all parties reserve all rights, claims, and defenses with respect thereto are expressly reserved. Notwithstanding anything to the contrary contained herein, nothing herein shall prevent Quinn Emanuel from arguing that its liens and claims (prepetition or post-petition) are senior and/or of equal ranking to the liens and claims of the Prepetition Secured Parties, and all other parties' rights are reserved with respect to the enforceability, perfection, priority, avoidability, or validity of Quinn Emanuel's liens and claims.

4. *Findings Regarding the Use of Cash Collateral*.

    a. Cause Shown. Good cause has been shown for the entry of this Second Interim Order.

        b.        <u>Business Justification</u>. The Debtors have a need to use the Cash Collateral, in order to permit, among other things, maintenance of the Debtors' assets. The Debtors' access to sufficient working capital and liquidity through the use of Cash Collateral is vital to maximizing the value of the Debtors' estates and funding these Chapter 11 Cases.

        c.        <u>Fair and Reasonable Terms</u>. Based on the record presented to the Court at the First Interim Hearing and the Second Interim Hearing, the terms of use of the Cash Collateral are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties.

5. *Authorization to Use Cash Collateral*. Subject to the terms of this Second Interim Order, the Debtors are hereby authorized to use Cash Collateral from the date hereof through the earliest of: (i) entry of the Final Order; (ii) [reserved]; (iii) the effective date of a confirmed plan of liquidation in these chapter 11 cases; (iv) [reserved]; and (v) the date of a breach by the Debtors under this Second Interim Order (the "<u>Interim Budget Period</u>"), or such other date as the Debtors and the applicable Prepetition Secured Parties or Quinn Emanuel may agree to in writing when, as, and to the extent permitted under the budget attached hereto as **Exhibit 1**, or when, as, and to the extent permitted by such other budget as the Debtors and the applicable Prepetition Secured Parties or Quinn Emanuel may agree to in writing from time to time (the "<u>Budget</u>"). Any updated Budget shall be provided by the Debtors to the Committee at the same time it is provided to the Prepetition Secured Parties or Quinn Emanuel and not include any reduction in the budgeted fees and expenses for the Committee's professionals without the express written consent of the Committee.

6. *Disbursements Subject to Budget*. The Debtors are only authorized to use Cash Collateral during the Interim Budget Period in a manner consistent with the Budget; *provided that*, disbursements may occur later than the dates forecasted in the Budget so long as such disbursements occur during the Interim Budget Period. Cash Collateral shall be only used for the purposes permitted under the Budget, including (i) to provide working capital needs of the Debtors;

(ii) to make the payments or fund amounts otherwise permitted in this Second Interim Order and the Budget; and (iii) to fund or reserve amounts necessary to fund professional fees accrued in accordance with the Budget. Notwithstanding the foregoing, disbursements by the Debtors for total operating disbursements on an aggregate basis during the Interim Budget Period may deviate up to 15% from the amounts specified in the Budget. The Debtors will provide weekly reporting summarizing actual receipts and disbursements by the Debtors against the projections in the Budget to the Office of the U.S. Trustee, the Prepetition Secured Parties (or their counsel), Quinn Emanuel, and the Committee (or its counsel). Unless as otherwise set forth in this Second Interim Order, no Cash Collateral or proceeds of each of the Prepetition Secured Parties' or Quinn Emanuel's collateral, as applicable, may be used (nor shall any professional fees, costs, or expenses be paid or applied in connection therewith) by any of the Debtors, any statutory or non-statutory committees appointed or formed in the Chapter 11 Cases (including the Committee), or any other party-interest (including without limitation any chapter 7 trustee or chapter 11 trustee or examiner appointed or elected for any of the Debtors in the Chapter 11 Cases or any successor cases) for purposes of directly or indirectly investigating, preparing, asserting, initiating, commencing, supporting or prosecuting any claim, motion, contested matter, objection, defense, adversary proceeding, litigation or other proceeding of any nature or description (whether for monetary, injunctive, affirmative relief or otherwise) against any of the Prepetition Secured Parties or Quinn Emanuel, as applicable.

7.    *Adequate Protection*. The Prepetition Secured Parties and Quinn Emanuel are entitled, pursuant to sections 361 and 363(e) of the Bankruptcy Code and subject to the Carve-Out (as defined below) and the same priorities as exist as of the Petition Date, as summarized in **Exhibit 2** attached hereto (subject to any and all rights of any parties in interest to challenge or dispute

such summary), to adequate protection of the Prepetition Secured Parties' and Quinn Emanuel's respective interests in the applicable Debtors' property, to the extent of, and in an aggregate amount equal to, the "decrease in the value" (as that phrase is used in section 361 of the Bankruptcy Code) of the Prepetition Secured Parties' or Quinn Emanuel's respective interests in the applicable Debtors' property (including Cash Collateral) resulting from the use, sale, or lease by the applicable Debtors of such property and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code (the "Diminution in Value"). For the avoidance of doubt, all parties' rights, including those of the Debtors, the Debtors' successors in interest (including without limitation any chapter 7 trustee or any trustee of any post-confirmation trust), and the Committee, to object to any alleged Diminution in Value claims are hereby preserved.

  a. As adequate protection, subject to the Carve-Out, the Prepetition Secured Parties and Quinn Emanuel are hereby granted (in the same priority as exists among the Prepetition Secured Parties and Quinn Emanuel as of the Petition Date) the following:

   (i) a continuing security interest in and lien on all collateral of the applicable Debtors of the same type and nature that exists as of the Petition Date with the same validity (or invalidity) and priority as exists as of the Petition Date, including the proceeds thereof (the "Replacement Lien");

   (ii) solely to the extent of any Diminution in Value, additional and replacement security interests in and lien on all property and assets of the applicable Debtors' estates (the "Adequate Protection Lien"), which Adequate Protection Liens shall be valid, binding, enforceable, non-avoidable, and automatically and properly perfected without any action taken by any party *provided however*, that (a) such security interest and lien shall be junior to any existing, valid, senior, enforceable, and unavoidable prior perfected security interests and liens, (b) subject to entry of the Final Order, such security interest and lien shall attach to any claims, defenses, causes of action or rights of the Debtors arising under sections 542 to 553 of the Bankruptcy Code and applicable state fraudulent transfer law (including all proceeds thereof, the "Avoidance Actions"), and (c) such security interest and lien shall be otherwise subject to the relative priorities set forth in **Exhibit 2** attached hereto;

   (iii) solely to the extent of any Diminution in Value, to the extent provided by section 507(b) of the Bankruptcy Code, an allowed administrative claim against the applicable Debtors (the "Adequate Protection Claim"), which Adequate Protection Claim shall be subject to the relative priorities set forth in **Exhibit 2** attached hereto; and

   (iv) solely to the extent set forth in the Budget, the Debtors are authorized and directed to pay, without the necessity of filing formal fee applications or compliance with the U.S. Trustee's fee guidelines, whether arising prior to or after the Petition Date, the fees, costs and expenses of Paul Hastings LLP as counsel to the holders of the First Lien AHG Secured Note and WSFS, including the fees, costs and expenses of Seward & Kissel LLP as counsel to WSFS (including from the Petition Date).

Notwithstanding anything to the contrary in the First Interim Order, the Second Interim Order, or **Exhibit 2**, in no event shall any of the Prepetition Secured Parties or Quinn Emmanuel be granted any Replacement Lien, Adequate Protection Lien, or Adequate Protection Claim on any estate claims or causes of action (including Avoidance Actions) against itself or any proceeds or property recovered therefrom; provided that nothing herein shall limit any Replacement Lien, Adequate Protection Lien, or Adequate Protection Claim of any First Lien Secured Party as a result of claims challenging the validity of the Third Lien AHG Secured Roll-Up Note.

  b. Pursuant to the First Interim Order, the Debtors previously distributed $1.5 million of the proceeds from the initial sale closing, and $4.0 million of the proceeds from the subsequent sale closing, as such sale is described in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing and Approving the Sale of the Debtors' Purchased Assets and Purchased Equity and Purchased Equity Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief*, dated July 28, 2025 [Docket No. 13], to pay down the First Lien AHG Secured Note in accordance with the terms of the First Lien AHG Secured Note and First Lien GSA. The Debtors were authorized by the First Interim Order to use the remaining proceeds of the foregoing sale to fund the Debtors' estates, including the Carve-Out, in accordance with the Budget.

c.	As to any additional sales proceeds realized by the Debtors' estates during the term of this Second Interim Order, the Debtors will use such proceeds solely in accordance with the Budget, including distributing $2.0 million (which such amount shall, for the avoidance of doubt, be in addition to $5.5 million pay-down referenced in the prior paragraph hereof) to pay down the principal amounts remaining, any and all accrued interest, fees and expenses (including any closing or upfront and exit fees) and any associated costs, professional fees and expenses incurred by the holders of the First Lien AHG Secured Note and WSFS through the date thereof (as otherwise compromised by agreement of the relevant parties) in accordance with the terms of the First Lien AHG Secured Note and First Lien GSA (the "First Lien Secured Obligations").  Any such pay-down on the First Lien AHG Secured Note referred to in the foregoing sentence shall be made promptly, but in no event, later than two (2) business days following the closing of any such applicable sale.

d.	Following the use of Cash Collateral as permitted under the Budget, the Debtors shall reserve any remaining Cash Collateral pending further order of the Court.  Any party in interest (other than the Debtors) may challenge or otherwise contest or dispute the liens and claims asserted by the holders of the First Lien AHG Secured Note or WSFS (each such proceeding, a "Challenge") within forty-five (45) days after entry of the First Interim Order (the "Challenge Period"); *provided that,* (a) the Challenge Period may be extended by written agreement of the First Lien Agent and (b) if the Chapter 11 Cases are converted to chapter 7 and a chapter 7 trustee is appointed or elected prior to the end of the Challenge Period, then the Challenge Period for any such chapter 7 trustee shall be extended (solely as to such chapter 7 trustee) to the date that is the later of (i) 75 calendar days after entry of the First Interim Order, or (ii) 30 calendar days after its appointment.  Notwithstanding anything to the contrary in the First Interim Order or this Second

Interim Order, (x) an aggregate amount of up to $50,000 of the Committee's budgeted professional fees and expenses may be used by the Committee to investigate the liens and claims asserted by the holders of the First Lien AHG Secured Note or WSFS, (y) if the Committee provides counsel to the holders of the First Lien AHG Secured Note and WSFS with a good faith written notice of a potential Challenge, the Challenge Period shall be automatically tolled for a one-week period to allow the parties to consensually resolve such potential Challenge, and following that, the Challenge Period shall only be tolled upon the filing of any motion by the Committee for standing to commence such Challenge (which motion may be brought on an emergency basis and the Debtors, the holders of the First Lien AHG Secured Note, and WSFS agree not to object to such motion on the grounds that it is being filed on an emergency basis), which shall then toll the Challenge Period until the earlier of (i) the effective date of any chapter 11 plan, and (ii) adjudication of such motion, and (z) in the event of a successful Challenge, the Court may fashion any available remedy, including disgorgement of any pay downs of the First Lien AHG Secured Note.

8. *Carve-Out; Segregated Account for Professional Fees and Quarterly Fees.*

a. Carve-Out. As used in this Second Interim Order, the term "Carve-Out" means the sum of: (i) all fees required to be paid to the Clerk of the Court and to the U.S. Trustee under section 1930(a) of title 28 of the United States Code plus interest at the statutory rate, if any, pursuant to 31 U.S.C. § 3717; (ii) all reasonable and documented fees and expenses up to $75,000 incurred by a trustee under section 726(b) of the Bankruptcy Code; and (iii) subject, in each case, to application of any retainers that may be held and to the extent allowed at any time, whether by interim order, procedural order, final order or otherwise, all unpaid fees and expenses (the "Professional Fees") incurred by persons or firms retained by the Debtors or the Committee pursuant to section 327, 328, 363, or 1103 of the Bankruptcy Code (collectively, the "Estate Professionals"), up to the amount for each Estate Professional set forth in the Budget.

b. Funding of Segregated Account. The amounts set forth in the Budget for the payment of Professional Fees shall be deposited by the Debtors, at the times identified in the Budget, into a trust account of the Debtors' general bankruptcy counsel or other segregated account ("Segregated Account") for the exclusive purpose of subsequently paying such amounts on the later of (x) the due date, or (y) the date of their allowance by the Court (or when otherwise authorized to be paid pursuant to a customary order of the Court pursuant to section 331 of the

Bankruptcy Code). The Replacement Lien, Adequate Protection Lien, and Adequate Protection Claim shall be subject and subordinate to the Carve-Out and all amounts deposited in the Segregated Account for the payment of Professional Fees.

      c.    <u>Professional Fee Cap</u>. Notwithstanding anything to the contrary contained herein, in exchange for the AHG Lenders' consent to allow the funding of the Carve Out and the Segregated Account, each estate professional agrees to not assert, and to waive, any claim for any fees or expenses incurred by the Debtors or the Committee during the Interim Budget Period for the First Interim Order and the Second Interim Order in excess of the line item allotted to them in the Budget annexed to the First or Second Interim Orders, as such Budget may be amended from time to time in accordance with this Second Interim Order.

    9.    *Proofs of Claims*.

      a.    Notwithstanding anything to the contrary contained in any prior or subsequent order of the Court, (i) WSFS shall not be required to file any proof of claim with respect to any of the obligations under and in accordance with the First Lien AHG Secured Note and Third Lien AHG Secured Roll-Up Note; and the failure to file any such proof of claim shall not affect the validity, priority, or enforceability of the First Lien GSA, the Third Lien GSA, or of any other indebtedness, liabilities, or obligations arising at any time thereunder or under this Second Interim Order or prejudice or otherwise adversely affect WSFS' rights, remedies, powers, or privileges under any of the prepetition documents, this Second Interim Order, or applicable law, (ii) WSFS (on behalf of itself and the AHG Lenders) is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as they see fit) in the lead Debtor case of Desktop Metal, Inc. (Case No. 25-90268), a single master proof of claim in the Cases for any and all claims of the AHG Lenders arising from the applicable First Lien AHG Secured Note or Third Lien AHG Secured Roll-Up Note; provided, that nothing herein shall waive the right of any AHG Lender to file its own proofs of claim against any of the Debtors. The provisions set forth in this paragraph are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party-in-interest or their respective successors-in interest.

      b.    Notwithstanding anything to the contrary contained in any prior or subsequent order of the Court, (i) the Nano Lender shall not be required to file any proof of claim with respect to any of the obligations under and in accordance with the Nano Secured Note, and the failure to file any such proof of claim shall not affect the validity, priority, or enforceability of the Nano Secured Note, the Nano GSA, or of any other indebtedness, liabilities, or obligations arising at any time thereunder or under this Second Interim Order or prejudice or otherwise adversely affect the Nano Lender's rights, remedies, powers, or privileges under any of the prepetition documents, this Second Interim Order, or applicable law, and (ii) the Nano Lender is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as they see fit) in the lead Debtor case of Desktop Metal, Inc. (Case No. 25-90268), a single master proof of claim in the Cases for any and all claims of the Nano Lender arising from the Nano Secured Note. The provisions set forth in this paragraph are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party-in-interest or their respective successors-in interest.

10. *Preservation of Rights Granted Under This Second Interim Order*. The liens and claims granted by the provisions of this Second Interim Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of these chapter 11 cases to a case under chapter 7 or dismissing such chapter 11 case, or (ii) the entry of an order confirming a chapter 11 plan in these chapter 11 cases, and shall be binding on the Debtors, any chapter 7 trustee or chapter 11 trustee or examiner appointed or elected for any of the Debtors in the Chapter 11 Cases or any successor cases, *provided*, *that*, all parties' rights, including those of the Debtors, the Debtors' successors in interest (including without limitation any chapter 7 trustee or any trustee of any post-confirmation trust), and the Committee, to object to any alleged Diminution in Value claims are hereby preserved.

11. *Binding Effect; Successors and Assigns*. The provisions of this Second Interim Order, including all findings herein, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the Prepetition Secured Parties, Quinn Emanuel, any official committee (including the Committee), and the Debtors, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtors' estates) and shall inure to the benefit of the Prepetition Secured Parties, Quinn Emanuel, the Committee, and the Debtors, and their respective successors and assigns.

12. *Reservation of Rights*. The Debtors reserve all rights to seek other or additional use of their Cash Collateral on such further or different terms and conditions as may be approved by the Court, and all rights of the Committee, the Prepetition Secured Parties and Quinn Emanuel to contest such additional use of Cash Collateral are reserved.

13. *Effectiveness*. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure,

this Second Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Second Interim Order as provided in such Rules.

14. *Objections*. Objections to the entry of the Final Order shall be in writing and shall be filed with the Clerk of this Court, on or before **5:00 p.m. (prevailing Central time) on September 4, 2025**, with a copy served upon: (i) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 700 Louisiana Street, Suite 4500, Houston, TX 77002 (Attn: Richard M. Pachulski, Esq., Maxim B. Litvak, Esq., and Benjamin L. Wallen, Esq.); (ii) the Prepetition Secured Parties (or their counsel); (iii) Quinn Emanuel; (iv) the Committee (or its counsel); (v) all parties that have filed notices of appearance and requests for notices in these chapter 11 cases; and (vi) the Office of the United States Trustee.

15. *Final Hearing*. The Final Hearing is scheduled for **September 11, 2025 at 1:00 p.m. (prevailing Central time)** before this Court.

Signed: August 18, 2025

_____
Christopher Lopez
United States Bankruptcy Judge

# EXHIBIT 1

# BUDGET

4898-9672-2782.8 18041.00001

**Desktop Metal, Inc. and its Debtor Affiliates**
**Budget dated August 15, 2025**

| ($ '000s) | 1<br>15-Aug | 2<br>22-Aug | 3<br>29-Aug | 4<br>5-Sep | 5<br>12-Sep | Total<br>5-Weeks |
|---|---|---|---|---|---|---|
| **Total Collections** | $ 768 | $ 378 | $ 335 | $ 297 | $ 263 | $ 2,041 |
| Payroll & Benefits | $ (587) | $ (1,693) | $ (151) | $ (245) | $ (151) | $ (2,828) |
| Suppliers | $ (1,035) | $ (740) | $ (600) | $ (200) | $ (200) | $ (2,776) |
| Rent | $ - | $ - | $ - | $ (351) | $ - | $ (351) |
| **Total Disbursements** | $ (1,622) | $ (2,434) | $ (751) | $ (796) | $ (351) | $ (5,955) |
| **Operating Cash Flow** | $ (854) | $ (2,055) | $ (416) | $ (499) | $ (88) | $ (3,914) |
| Professional Fees | $ (1,075) | $ (2,119) | $ (850) | $ (940) | $ (850) | $ (5,834) |
| 1L Loan Payment | $ (4,000) | $ (2,000) | $ - | $ - | $ - | $ (6,000) |
| Utilities / Other Deposits | $ - | $ - | $ - | $ - | $ - | $ - |
| UST Fees | $ - | $ - | $ - | $ - | $ (194) | $ (194) |
| **Total Non-Operating** | $ (5,075) | $ (4,119) | $ (850) | $ (940) | $ (1,044) | $ (12,028) |
| **Net Cash Flow** | $ (5,929) | $ (6,174) | $ (1,266) | $ (1,439) | $ (1,133) | $ (15,942) |
| Consolidated Beginning Available Cash | $ 9,081 | $ 3,152 | $ 4,714 | $ 3,448 | $ 2,008 | $ 9,081 |
| (+) Net Cash Flow | $ (5,929) | $ (6,174) | $ (1,266) | $ (1,439) | $ (1,133) | $ (15,942) |
| (+) Sale Proceeds - Labs | $ - | $ 7,736 | $ - | $ - | $ - | $ 7,736 |
| **Consolidated Ending Available Cash** | $ 3,152 | $ 4,714 | $ 3,448 | $ 2,008 | $ 876 | $ 876 |

**Desktop Metal, Inc. and its Debtor Affiliates**
**Professional Fee Budget dated August 15, 2025**

| ($ '000s) | 1<br>15-Aug | 2<br>22-Aug | 3<br>29-Aug | 4<br>5-Sep | 5<br>12-Sep | Total<br>5-Weeks |
|---|---|---|---|---|---|---|
| Company Counsel | $ 450 | $ 350 | $ 350 | $ 350 | $ 350 | $ 1,850 |
| FTI Consulting | $ 250 | $ 175 | $ 175 | $ 175 | $ 175 | $ 950 |
| Piper Sandler | $ - | $ 1,269 | $ - | $ - | $ - | $ 1,269 |
| Board of Director Fees | $ - | $ - | $ - | $ 90 | $ - | $ 90 |
| Weil, Gotshal & Manges | $ 50 | $ 50 | $ 50 | $ 50 | $ 50 | $ 250 |
| Claims Agent | $ 100 | $ 100 | $ 100 | $ 100 | $ 100 | $ 500 |
| Noteholders' and Agent's Advisors | $ 150 | $ 100 | $ 100 | $ 100 | $ 100 | $ 550 |
| UCC Advisors | $ 75 | $ 75 | $ 75 | $ 75 | $ 75 | $ 375 |
| **Total Professional Fees** | $ 1,075 | $ 2,119 | $ 850 | $ 940 | $ 850 | $ 5,834 |

**EXHIBIT 2[4]**

| Priority[5] | Liens and Claims on all Prepetition Collateral other than Commercial Tort Claims[6] | Liens and Claims on Commercial Tort Claims | Liens and Claims on Unencumbered property, including Avoidance Actions Proceeds |
|---|---|---|---|
| *First* | First Lien AHG Secured Note | First Lien AHG Secured Note | First Lien AHG Secured Note |
| *Second* | Nano Secured Note | Third Lien AHG Secured Roll-Up Note | Nano Secured Note |
| *Third* | Third Lien AHG Secured Roll-Up Note | Nano Secured Note[7] | Third Lien AHG Secured Roll-Up Note |
| *Fourth* | Quinn Emanuel Claims[8] | Quinn Emanuel Claims | Quinn Emanuel Claims |

---

[4] This summary chart is subject to (i) the terms of the Second Interim Order and (ii) any and all rights of any parties in interest to challenge or dispute the priorities set forth herein.

[5] Subject to the Carve-Out.

[6] "Commercial Tort Claims" shall mean all claims listed on Schedule 4 to the First Lien Guaranty and Security Agreement

[7] Excluding any commercial tort claims against the holders of the Nano Secured Note.

[8] Notwithstanding anything to the contrary contained here, nothing herein shall prevent Quinn Emanuel from arguing that its liens and claims (prepetition or post-petition) are senior and/or of equal ranking to the liens and claims of the Prepetition Secured Parties, and all other parties' rights are reserved with respect to the enforceability, perfection, priority, avoidability, or validity of Quinn Emanuel's liens and claims.

United States Bankruptcy Court

Southern District of Texas

| | |
|---|---|
| In re: | Case No. 25-90268-cml |
| Desktop Metal, Inc. | Chapter 11 |
| Official Committee Of Unsecured Creditor | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 3 |
| Date Rcvd: Aug 18, 2025 | Form ID: pdf002 | Total Noticed: 10 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 20, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Desktop Metal, Inc., 63 third Avenue, Burlington, MA 01803-4430 |
| intp | + | Quinn Emanuel Urquhart & Sullivan, LLP, c/o Benjamin I. Finestone, 295 5th Avenue, 9th Floor, New York, NY 10016-7138 |
| cr | + | Specialty Appliances Specialty Appliances, LLC, c/o Trey A. Monsour, Fox Rothschild LLP, 2501 N. Harwood, #1800, Dallas, TX 75201 UNITED STATES 75201-1613 |
| cr | + | The Argen Corporation, Snell & Wilmer LLP, 2501 N Harwood St., Suite 1850, Dallas, TX 75201-1607 |
| cr | + | Trey A. Specialty Appliances, LLC, c/o Trey A. Monsour, Fox Rothschild LLP, 2501 N. Harwood, #1800, Dallas, TX 75201 UNITED STATES 75201-1613 |
| intp | + | U.S. Bank Trust Company, National Association, as, c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Aug 18 2025 20:07:00 | Angelina County, Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, PO Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: bankruptcy@abernathy-law.com | Aug 18 2025 20:07:00 | COLLIN COUNTY TAX ASSESSOR/COLLECTOR, Abernathy, Roeder, Boyd & Hullett, P.C., 1700 Redbud Blvd., Suite 300, McKinney, TX 75069-3276 |
| op | ^ | MEBN | Aug 18 2025 20:01:08 | Kroll Restructuring Administration LLC, 1 World Trade Center, 31st Floor, New York, NY 10007, UNITED STATES 10007-0090 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Aug 18 2025 20:07:00 | Tarrant County, c/o John Kendrick Turner, 3500 Maple Avenue, Suite 800, Dallas, TX 75219, UNITED STATES 75219-3959 |

TOTAL: 4

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Ad Hoc Group of Secured and Convertible Noteholder |
| intp | | Anzu Special Acquisition Corp II |
| intp | | Board of Directors of Desktop Metal, Inc. |
| intp | | Nano Dimension Ltd. and certain of its subsidiarie |
| crcm | | Official Committee Of Unsecured Creditors |
| cr | | Viering, Jentschura & Partner mbB |
| cr | | Wilmington Savings Fund Society, FSB, as Super Sen |

TOTAL: 7 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

District/off: 0541-4 | User: ADIuser | Page 2 of 3
Date Rcvd: Aug 18, 2025 | Form ID: pdf002 | Total Noticed: 10

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 20, 2025       Signature:       /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 18, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Anthony Reid Scarcella | on behalf of Interested Party U.S. Bank Trust Company National Association, as Trustee ascarcella@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com |
| Benjamin Lawrence Wallen | on behalf of Debtor ExOne Americas LLC bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Larry Brewer Dental Lab Inc. bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Beacon Bio  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Desktop Metal  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Brewer Tafla Dental Technologies  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Desktop Metal Operating  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Figur Machine Tools LLC bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Adaptive 3D Technologies  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Dental Arts Laboratories  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor May Dental Arts  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor ExOne Operating  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Desktop Labs  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Desktop Metal Securities Corporation bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor EnvisionTEC US LLC bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Adaptive3D  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor The Syzygy Memory Plastics Corp. bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Brenda Lynn Funk | on behalf of Creditor Committee Official Committee Of Unsecured Creditors bfunk@munsch.com |

| | |
|---|---|
| District/off: 0541-4 | User: ADIuser   Page 3 of 3 |
| Date Rcvd: Aug 18, 2025 | Form ID: pdf002   Total Noticed: 10 |

CourtMail@munsch.com;clujano@munsch.com;hvalentine@munsch.com

Charles Martin Persons

on behalf of Creditor Ad Hoc Group of Secured and Convertible Noteholders CharlesPersons@paulhastings.com michaelmagzamen@paulhastings.com;davidmohamed@paulhastings.com;matlaskowski@paulhastings.com

Deborah Michelle Perry

on behalf of Creditor Committee Official Committee Of Unsecured Creditors dperry@munsch.com

Jana Smith Whitworth

on behalf of U.S. Trustee US Trustee jana.whitworth@usdoj.gov

John F Higgins, IV

on behalf of Interested Party Nano Dimension Ltd. and certain of its subsidiaries jhiggins@porterhedges.com emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John Kendrick Turner

on behalf of Creditor Tarrant County john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;John.Turner@ecf.courtdrive.com

John R Ashmead

on behalf of Creditor Wilmington Savings Fund Society  FSB, as Super Senior Agent and Third Lien Agent ashmead@sewkis.com, rodriguezr@sewkis.com

Kathleen M LaManna

on behalf of Interested Party U.S. Bank Trust Company  National Association, as Trustee klamanna@goodwin.com, bankruptcyparalegal@goodwin.com;bankruptcy@goodwin.com

Maxim Boris Litvak

on behalf of Debtor Desktop Metal  Inc. mlitvak@pszjlaw.com, hphan@pszjlaw.com

Megan Young-John

on behalf of Interested Party Nano Dimension Ltd. and certain of its subsidiaries myoung-john@porterhedges.com eliana-garfias-8561@ecf.pacerpro.com

Michael Shane Johnson

on behalf of Interested Party Nano Dimension Ltd. and certain of its subsidiaries sjohnson@porterhedges.com emoreland@porterhedges.com;egarfias@porterhedges.com;mwebb@porterhedges.com

Oliver Stephen Zeltner

on behalf of Interested Party Anzu Special Acquisition Corp II ozeltner@jonesday.com

Patricia B. Tomasco

on behalf of Interested Party Quinn Emanuel Urquhart & Sullivan  LLP pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;elliellanas@quinnemanuel.com

Paul M. Lopez

on behalf of Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR bankruptcy@abernathy-law.com

Tara L Grundemeier

on behalf of Creditor Angelina County houston_bankruptcy@lgbs.com

Trey A Monsour

on behalf of Creditor Trey A. Specialty Appliances  LLC tmonsour@foxrothschild.com, rsolomon@foxrothschild.com;msteen@foxrothschild.com;dandreacchi@foxrothschild.com;TX.DKT@foxrothschild.com

Trey A Monsour

on behalf of Creditor Specialty Appliances Specialty Appliances  LLC tmonsour@foxrothschild.com, rsolomon@foxrothschild.com;msteen@foxrothschild.com;dandreacchi@foxrothschild.com;TX.DKT@foxrothschild.com

US Trustee

USTPRegion07.HU.ECF@USDOJ.GOV

Vianey Garza

on behalf of U.S. Trustee US Trustee vianey.garza@usdoj.gov

Zachary A. Cooper

on behalf of Creditor The Argen Corporation zcooper@swlaw.com sluby@swlaw.com;DOCKET_DAL@swlaw.com;docket@swlaw.com

Zachary S McKay

on behalf of Creditor Viering  Jentschura & Partner mbB zmckay@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com

TOTAL: 38