United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 18, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al*., | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) GRANTING INTERIM APPROVAL OF THE ADEQUACY OF
DISCLOSURES IN THE COMBINED PLAN AND DISCLOSURE STATEMENT;
(II) SCHEDULING A COMBINED CONFIRMATION HEARING AND SETTING
DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION
PACKAGES AND PROCEDURES; (IV) APPROVING THE FORMS
OF BALLOTS; AND (V) GRANTING RELATED RELIEF**

(Related Docket Nos. 187 & 197)

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) granting interim approval of the disclosures (the "Disclosures") set forth in the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code*, as may be amended from time to time [Docket No. 197] (the "Combined Plan and Disclosure Statement" or, separately in relevant part, the "Disclosure Statement" or the "Plan"); (b) scheduling a combined hearing to consider final approval of the Disclosures and confirmation of the Plan, and setting deadlines related thereto; (c) approving solicitation packages and procedures; (d) approving the forms of ballots for the

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Voting Classes and the forms of notices to the Non-Voting Classes, and (e) granting related relief, all as more fully set forth in the Motion; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and this Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Bankruptcy Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Bankruptcy Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§1408 and 1409; and this Bankruptcy Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Bankruptcy Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

## I.      Interim Approval of the Disclosure Statement

1.      The Disclosure Statement is approved on an interim basis as containing adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code and its use in the Debtors' solicitation of votes to accept or reject the Plan is approved.

2.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims and Interests and other parties in interest with sufficient notice of the proposed

injunction, exculpation, and release provisions contained in Article XVI of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

**II.      Approval of the Procedures, Materials, and Timeline
for Soliciting Votes on and Confirming the Plan**

**A.      Approval of the Solicitation Procedures**

3.      The Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan as set forth in the Motion.  The tabulation methodology set forth in the Motion, including the manner in which Claim amounts for voting purposes are established, is approved.[3]

4.      The solicitation and tabulation procedures set forth in the Motion in respect of the Debtors' Class 7 Convertible Senior Notes are approved.

5.      The solicitation procedures utilized by the Debtors for distribution of the Solicitation Package as set forth in the Motion and this Order for soliciting acceptances and rejections of the Plan satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, Complex Case Procedures, and any other applicable rules, laws, and regulations.

**B.      Approval of Certain Dates and Deadlines with Respect
to the Plan and the Disclosure Statement**

6.      The following dates are hereby established and approved with respect to the solicitation of votes to accept or reject the Plan, voting on the Plan, filing objections to the Combined Plan and Disclosure Statement, and approving the adequacy of the Disclosure Statement on a final basis and confirming the Plan:

---

[3]      Notwithstanding anything to the contrary in the Motion or herein, each of the Ballots cast by the Holders of Claims in Classes 3 and 5, and the Claims in Classes 3 and 5, and the Convertible Senior Note Claims in Class 7, shall be allowed solely for voting purposes (and for no other purposes) in the aggregate amounts set forth in the Debtors' Schedules D/E/F.  *See* Docket Nos. 153-168.  Any Ballot cast by a Nominee or Beneficial Holder in Class 7, shall be counted and tabulated individually with respect to numerosity.

| PROPOSED TIMETABLE[4] | |
|---|---|
| **Event** | **Date** |
| Voting Record Date | August 18, 2025 |
| Solicitation Deadline | August 20, 2025 |
| Plan Supplement Filing Deadline | August 29, 2025 |
| Objection Deadline | September 9, 2025 at 5:00 p.m. |
| Voting Deadline | September 9, 2025 |
| Deadline to File Voting Report | September 10, 2025 |
| Briefs in Support of Confirmation | September 10, 2025 |
| Confirmation Hearing | September 11, 2025 at 1:00 p.m. |

**C.      Approval of the Form and Distribution of Solicitation
            Packages to Parties Entitled to Vote on the Plan**

7.      The Solicitation Package to be transmitted on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, to those Holders of Claims entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.      this Order (excluding the exhibits hereto, except as set forth below);

b.      the Combined Plan and Disclosure Statement as approved on an interim basis, and all exhibits attached thereto;

c.      the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit A**;

d.      the applicable forms of Ballots attached hereto as **Exhibit B** including voting instructions with respect thereto;

e.      a pre-addressed, postage prepaid reply envelope; and

---

[4]      All proposed dates are in prevailing Central Time.

f.     any additional documents that the Bankruptcy Court has ordered to be made available to Holders of Claims in the Voting Classes.[5]

8.     The Solicitation Package provides Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

9.     The Debtors shall distribute a Solicitation Package by first class mail to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

10.     The Debtors are authorized, but not directed or required, to distribute the Combined Plan and Disclosure Statement and this Order (without exhibits) to Holders of Claims entitled to vote on the Plan in electronic format (*i.e.*, through a QR Code contained in the Confirmation Hearing Notice) only. Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Voting Agent and request paper copies or copies on a thumb drive of the materials previously received in electronic format (to be provided at the Debtors' expense). ***Only*** the Ballots and the Confirmation Hearing Notice must be provided in paper form.

11.     The Debtors shall serve a Solicitation Package (without a Ballot) on the U.S. Trustee and any party requesting special notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

12.     Holders of transferred Claims entitled to vote on the Plan shall receive Solicitation Packages ***only if*** all actions necessary to effectuate the transfer of the Claim pursuant to

---

[5] "Voting Classes" means, collectively, Classes 3 through 7.

Bankruptcy Rule 3001(e) have been completed by the Voting Record Date. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date. Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim may be (a) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code and (b) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (x) a Ballot, (y) a group of Ballots within one Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion, and the Debtors' treatment of such Ballots will be set forth in the Voting Report.

13.     The Voting Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Combined Plan and Disclosure Statement, the Solicitation Packages (including the Ballots), and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan or the adequacy of the Disclosure Statement, (d) soliciting votes on the Plan, and (e) if necessary, contacting Holders of Claims and Interests regarding the Plan and/or the Disclosure Statement. The Voting Agent is further authorized, but not directed or required, to contact Holders of Claims to reconcile discrepancies or cure defects with their submitted Ballot(s), and neither the Debtors nor the Voting Agent will incur any liability for failure to provide notice of such discrepancies or defects.

14.    The Voting Agent shall not be required to serve Solicitation Packages, or any other solicitation materials, on account of Claims filed after the Voting Record Date but before the Voting Deadline.

15.    The Debtors and Voting Agent, as applicable, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination, absent a contrary ruling by the Court, will be final and binding.

16.    In addition to accepting Ballots by first class mail, overnight courier and hand delivery, the Voting Agent is also authorized to accept Ballots via electronic online transmission, solely through customized online balloting and document submission portals on the Debtors' case website. The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the applicable Holder's electronic signature will be deemed to be immediately legally valid and effective. The Voting Agent is also authorized to accept Master Ballots submitted by Nominees on behalf of their Beneficial Holder clients and "pre-validated" Beneficial Holder Ballots from Beneficial Holders via electronic mail in pdf format with the signatures appended to such Ballots being deemed immediately legally valid and effective.  Notwithstanding anything herein or in the Motion to the contrary, the Voting Agent may accept Ballots received by email.

17. The Voting Agent shall retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related

correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

**D.      Approval of the Form of Non-Voting Notice**

18.      Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes,[6] as such Holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, the Voting Agent shall mail (first-class postage prepaid) the Confirmation Hearing Notice and the applicable form of Non-Voting Notice in lieu of Solicitation Packages, the form of each of which is approved, to Holders of Claims or Interests in Non-Voting Classes:

| Class(es) | Status | Treatment |
|---|---|---|
| 1 and 2 | Unimpaired—Deemed to Accept | Will receive a Non-Voting Notice substantially in the form attached hereto as **Exhibit C**, in lieu of a Solicitation Package. |
| 9 | Impaired—Deemed to Reject | Will receive a Non-Voting Notice, substantially in the form attached hereto as **Exhibit D**, in lieu of a Solicitation Package. |

19.      The Voting Agent is authorized to rely on the address information for all Classes as compiled, updated, and maintained by the Voting Agent as of the Voting Record Date. Where the Confirmation Hearing Notice, Solicitation Packages, and/or any other notices described in the Motion are returned as undeliverable, the Voting Agent shall not be required to (i) conduct independent research for updated address information for recipients of such undeliverable materials or (ii) attempt to redistribute such materials unless an accurate address is provided for such entities prior to the Voting Record Date. However, failure to distribute documents to such

---

[6]      "Non-Voting Classes" means, collectively, Classes 1, 2, 8 and 9.

entities does not constitute inadequate notice of the Confirmation Hearing Notice, the Solicitation Package, the Voting Deadline, and/or any other notices described in the Motion and/or a violation of the Bankruptcy Rules.

20.    The Debtors are not required to mail Solicitation Packages, other solicitation materials, or a Non-Voting Notice to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases; (b) any party to whom the notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address; and (c) the Holders of Class 8 Intercompany Claims and/or Class 9 Interests that are Debtors.

21.    The Non-Voting Notice, and service thereof as described in the Motion, and the Voting Deadline comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved.

**E.    Approval of the Confirmation Hearing Notice**

22.    The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit A**, is approved and constitutes adequate and sufficient notice of the hearing to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan, the manner in which a copy of the Plan and the Disclosure Statement can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Complex Case Procedures, and the Local Rules. The Confirmation Hearing Notice shall be filed by the Debtors and served upon parties in interest in these Chapter 11 Cases by August 19, 2025 (or as soon as reasonably practicable thereafter).

**F.    Approval of the Procedures for Filing Objections to Final
Approval of the Disclosure Statement and Confirmation of the Plan**

23. Objections to final approval of the adequacy of the Disclosure Statement or confirmation of the Plan will not be considered by the Bankruptcy Court unless such objections

are timely filed and served in accordance with this Order. Specifically, all objections to final approval of the adequacy of the Disclosure Statement and confirmation of the Plan or requests for modifications to the Plan, if any, ***must***:  (a) be in writing; (b) comply with the Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state, with particularity, any legal and/or factual basis for such objections, and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objections; (e) be filed with the Bankruptcy Court by **September 9, 2025, at 5:00 p.m. (prevailing Central Time)** (the "Plan Objection Deadline"); and (f) be served, so as to be received by the Plan Objection Deadline, on: (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 700 Louisiana Street, Suite 4500, Houston, TX 77002, Attn: Richard Pachulski (rpachulski@pszjlaw.com), and Benjamin Wallen (bwallen@pszjlaw.com); (ii) proposed counsel to the Committee, Lowenstein Sandler LLP; 1251 Avenue of the Americas, New York, New York 10020, Attn. Daniel Besikof (DBesikof@lowenstein.com), and Gianfranco Finizio (GFinizio@lowenstein.com); and (iii) all parties that have filed notices of appearance and requests for notice in the Chapter 11 Cases (collectively, the "Notice Parties").

**G.     3018 Motion**

24.     If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file and serve on the Notice Parties a motion (the "3018 Motion") for such relief no later than **August 29, 2025, at 5:00 p.m. (prevailing Central Time)**. The deadline for any party in interest to object to any 3018 Motion is **September 3, 2025, at 5:00 p.m. (prevailing Central Time)**. Any such 3018

Motion may be resolved by agreement between the Debtors and the movant without the requirement for further order or approval of the Bankruptcy Court.

25.     As to any creditor filing a 3018 Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing, either at or prior to the Confirmation Hearing.

**H.     Non-Substantive Modifications.**

26.     The Debtors are authorized to make non-substantive or immaterial changes to the Combined Plan and Disclosure Statement, the Solicitation Package, any notice attached to this Order and any related documents without further order of this Bankruptcy Court, including formatting changes, changes to correct typographical and grammatical errors, and conforming changes among the Combined Plan and Disclosure Statement, any other materials in the Solicitation Packages, and related documents (including the appendices thereto) where, in the Debtors' reasonable discretion, doing so would better facilitate the solicitation process. Subject to the foregoing, the Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Bankruptcy Court.

## III.     Miscellaneous

27.     The Debtors' rights are reserved to modify the Plan in accordance with Section XIX of the Plan, including the right to withdraw the Plan at any time before the Confirmation Hearing Date.

28.     The Voting Agent is required to retain all copies of Ballots and all solicitation-related correspondence for one year following the Effective Date (as defined in the Plan), whereupon the Voting Agent is authorized to destroy and/or otherwise dispose of:  (a) all paper copies of Ballots; (b) printed solicitation materials including unused copies of the Solicitation

Package; and (c) all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Bankruptcy Court in writing within such one year period.

29.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

30.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

31.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice. Without limiting the generality of the foregoing, the requirements of Bankruptcy Rule 6004(a) are waived by such notice.

32.     Notwithstanding anything in the Bankruptcy Rules or the Local Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

33.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

34.     This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: August 18, 2025

_____

Christopher Lopez

United States Bankruptcy Judge

## EXHIBIT A

**Form of Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al*., | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF (I) INTERIM APPROVAL OF DISCLOSURES; (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN; (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN AND FINAL APPROVAL OF THE DISCLOSURES; (IV) DEADLINE FOR VOTING ON THE PLAN; AND (V) BAR DATE FOR FILING ADMINISTRATIVE CLAIMS ESTABLISHED BY THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On July 28, 2025 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. On August 18, 2025, the Debtors filed the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 197] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan and Disclosure Statement" or, separately in relevant part, the "Disclosure Statement" and the "Plan").

By an Order dated August [●], 2025 [Docket No. [●] (the "Conditional Approval and Procedures Order"), the Court approved, on an interim basis, the disclosures (the "Disclosures") in the Disclosure Statement as containing adequate information within the meaning of section 1125 of Bankruptcy Code. The

---

[1]    The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

Conditional Approval and Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosure Statement.

By the Conditional Approval and Procedures Order, the Bankruptcy Court established **September 9, 2025** (the "Voting Deadline") as the deadline by which ballots accepting or rejecting the Combined Plan and Disclosure Statement must be received. To be counted, your ballot must actually be received on or before the Voting Deadline by the Voting Agent (as defined below) via the online balloting portal, which can be accessed through the Debtors' restructuring website maintained by the Voting Agent at https://cases.ra.kroll.com/desktopmetal or at the following address:

By First Class Mail (in the return envelope provided or otherwise), Overnight Courier or Hand Delivery:

Desktop Metal, Inc., et al., Ballot Processing
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

On **September 11, 2025 at 1:00 p.m. (Central Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Christopher M. Lopez in the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, 4th Floor, Courtroom 401, Houston, TX 77002, to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Confirmation Hearing"). Parties may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.

The Confirmation Hearing may be adjourned from time to time. The Combined Plan and Disclosure Statement may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Combined Plan and Disclosure Statement, and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, Southern District of Texas, 515 Rusk Street, Houston, TX 77002 together with proof of service on or before **September 9, 2025 at 5:00 p.m. (Central Time)** (the "<u>Objection Deadline</u>"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' Chapter 11 Cases; (b) state with particularity the provision or provisions of the Combined Plan and Disclosure Statement objected to and for any objection asserted, any legal and/or factual basis for such objections; and (c) be served on the parties set forth in paragraph 23 of the Conditional Approval and Procedures Order.

Copies of the Combined Plan and Disclosure Statement and/or the Conditional Approval and Procedures Order are available for free on the Voting Agent's website at https://cases.ra.kroll.com/DesktopMetal. You may also access electronic copies of the Combined Plan and Disclosure Statement and/or the Conditional Approval and Procedures Order, and any other pleading filed in the Chapter 11 Cases, via the QR Code below.



If you wish to receive paper or electronic copies via thumb drive of the Combined Plan and Disclosure Statement and/or the Conditional Approval and Procedures Order, they will be provided, as quickly as practicable, upon request to the Voting Agent, Kroll Restructuring Administration LLC

Inc.("Kroll" or the "Voting Agent") by contacting the Voting Agent by email at DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line) or through the restructuring telephone hotline at (888) 958-4830 (U.S./Canada, toll-free) or +1 (646) 969-6972 (international, toll). Copies of the Combined Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Southern District of Texas, and may be reviewed during the regular hours of the Court or online, for a fee, through the Bankruptcy Court's website at https://www.txs.uscourts.gov/page/bankruptcy-court.

Section III of the Combined Plan and Disclosure Statement sets an Administrative Expense Bar Date for the filing of Administrative Claims (excluding Professional Fee Claims) arising on or after the Petition Date, **thirty (30) days after the Effective Date**.

## EXCULPATION, RELEASES, INJUNCTIONS

The Debtors seek approval of the below exculpation, release, and injunction provisions set forth in Section XVI of the Combined Plan and Disclosure Statement:

### Exculpation

The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the Sale Orders, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); provided however, that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.  Under the Plan, "Exculpated Parties" means (a) the Debtors, (b) the Independent Directors, (c) the CRO, (d) the CTO, (e) the other officers of the Debtors from and after the Petition Date, (f) the Committee, and (g) the members of the Committee, each of the foregoing in items (b) through (g) solely in their capacities as such.

### Debtor Releases

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "Debtor/Estate Releasors") shall release each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims,

obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Chapter 11 Cases, the Sale Orders, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, self-dealing, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan. Under the Plan, "Released Parties" means, collectively, (a) the Independent Directors; (b) the Committee and the individual members thereof; (c) the CRO; (d) the CTO; (e) any other officer of the Debtors from and after the Petition Date; and (f) the following Professionals of the foregoing acting in their capacity as such (1)(i) Pachulski Stang Ziehl & Jones LLP, (ii) Weil, Gotshal & Manges LLP, (iii) FTI Consulting, (iv) Piper Sandler, (v) Kroll, (vi) Province, LLC, (vii) Munch Hardt Kopf & Harr, P.C., and (viii) Lowenstein Sandler LLP, and (2) solely from the time period starting on April 10, 2025, Vinson & Elkins LLP.

Entry of the Confirmation Order shall constitute the Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

**<u>Injunction</u>**

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.

IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AS SET FORTH ABOVE.

Dated:  ●, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ DRAFT*

Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
gdemo@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT B

**Form of Ballots**

**<u>Exhibit B-1</u>**

**Class 3 – First Lien AHG Claims Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**CLASS 3 (FIRST LIEN AHG CLAIMS) BALLOT
FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE
STATEMENT AND PLAN OF LIQUIDATION OF DESKTOP METAL, INC. AND
ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT"
> AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY
> THE VOTING DEADLINE OF SEPTEMBER 9, 2025.**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 197] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Plan and Disclosure Statement</u>" or, separately in relevant part, the "<u>Disclosure Statement</u>" or the "<u>Plan</u>").[2] Copies of the Combined Plan and Disclosure Statement may be obtained free of charge on the dedicated webpage of Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/DesktopMetal or upon request to the Voting Agent by (i) telephone at 888-958-4830 (U.S./Canada, toll-free) or +1 646-969-6972 (international, toll), or (ii) email at DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line).

The Combined Plan and Disclosure Statement can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

<u>**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**</u>

    1.    For your vote to count, you must:

        a.    Submit your Ballot by ***one*** of the following methods:

---

[1]    The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Plan and Disclosure Statement.

     i.    Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") in the return envelope provided or by regular mail, overnight courier, or hand delivery to the following address:

<u>If by First Class Mail, Overnight Courier or Hand Delivery</u>:

Desktop Metal, Inc., et al., Ballot Processing<br>
c/o Kroll Restructuring Administration LLC<br>
850 3rd Avenue, Suite 412<br>
Brooklyn, NY 11232

(to arrange hand delivery of your Ballot, please email DesktopMetalBallots@ra.kroll.com (with "Desktop Metal Ballot Delivery" in the subject line) at least 24 hours prior to arrival at the Kroll address above and provide the anticipated date and time of delivery)

    ii.    Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Voting Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>"). To submit your Ballot through the E-Balloting Portal go to https://cases.ra.kroll.com/DesktopMetal, click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

- IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

  Unique E-Ballot ID#:_____

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the manner in which Ballots will be accepted by electronic or online transmission.

**If you are casting a Ballot using the E-Ballot Portal you should NOT also submit a paper Ballot.**

    b.    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Plan and Disclosure Statement by checking the appropriate box;

    c.    Review and sign the acknowledgements in Item 3 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Class 3 Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    d.    **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, September 9, 2025**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2.    You must vote all your Claims within a single Class under the Combined Plan and Disclosure Statement either to accept or reject the Combined Plan and Disclosure Statement. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Plan and Disclosure Statement and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Combined Plan and Disclosure Statement likewise will not be counted.

3.    The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT DESKTOPMETALINFO@RA.KROLL.COM (WITH "DESKTOP METAL SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT 888-958-4830 (U.S./CANADA, TOLL-FREE) OR +1 646-969-6972 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE COMBINED PLAN AND DISCLOSURE STATEMENT

PLEASE BE ADVISED THAT THE COMBINED PLAN AND DISCLOSURE STATEMENT CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

#### Exculpation

The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the Sale Orders, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); provided however, that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code. Under the Plan, "Exculpated Parties" means (a) the Debtors, (b) the Independent Directors, (c) the CRO, (d) the CTO, (e) the other officers of the Debtors from and after the Petition Date, (f) the Committee, and (g) the members of the Committee, each of the foregoing in items (b) through (g) solely in their capacities as such.

#### Debtor Releases

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "Debtor/Estate Releasors") shall release each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Chapter 11 Cases, the Sale Orders, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out

of or relating to any act or omission of a Released Party that constitutes fraud, self-dealing, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.   Under the Plan, "Released Parties" means, collectively, (a) the Independent Directors; (b) the Committee and the individual members thereof; (c) the CRO; (d) the CTO; (e) any other officer of the Debtors from and after the Petition Date; and (f) the following Professionals of the foregoing acting in their capacity as such (1)(i) Pachulski Stang Ziehl & Jones LLP, (ii) Weil, Gotshal & Manges LLP, (iii) FTI Consulting, (iv) Piper Sandler, (v) Kroll, (vi) Province, LLC, (vii) Munch Hardt Kopf & Harr, P.C., and (viii) Lowenstein Sandler LLP, and (2) solely from the time period starting on April 10, 2025, Vinson & Elkins LLP.

Entry of the Confirmation Order shall constitute the Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

**Injunction**

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Voting Amount.** The undersigned certifies that, as of the Voting Record Date of August 18, 2025, the undersigned was a Holder of a Class 3 First Lien AHG Claims in the amount set forth below:[3]

Voting Amount: _____

PLEASE NOTE THAT YOUR VOTE ON ACCOUNT OF YOUR CLASS 3 FIRST LIEN AHG CLAIM WILL ALSO BE
APPLIED AS A VOTE ON ACCOUNT OF YOUR CLASS 7 UNSECURED DEFICIENCY CLAIM, IF ANY

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check one box only):

☐ **Accept** the Combined Plan and Disclosure Statement          ☐ **Reject** the Combined Plan and Disclosure Statement

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Plan and Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is

---

[3] For voting purposes only, subject to tabulation rules.

the claimant or has the power and authority to vote to accept or reject the Combined Plan and Disclosure Statement on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Plan and Disclosure Statement or indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted for voting purposes.

_____        _____
Name of Creditor                            Telephone Number

_____        _____
Signature                                   Email Address

_____
If by Authorized Agent, Name and Title

_____        _____
Name of Institution                        Date Completed

_____
Street Address

_____
City, State, Zip Code

**Exhibit B-2**

**Class 4 Nano Claims Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**CLASS 4 (NANO CLAIMS) BALLOT**
**FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE**
**STATEMENT AND PLAN OF LIQUIDATION OF DESKTOP METAL, INC. AND**
**ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT"**
**AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY**
**THE VOTING DEADLINE OF SEPTEMBER 9, 2025.**

---

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 197] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Plan and Disclosure Statement</u>" or, separately in relevant part, the "<u>Disclosure Statement</u>" or the "<u>Plan</u>").[2] Copies of the Combined Plan and Disclosure Statement may be obtained free of charge on the dedicated webpage of Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/DesktopMetal or upon request to the Voting Agent by (i) telephone at 888-958-4830 (U.S./Canada, toll-free) or +1 646-969-6972 (international, toll), or (ii) email at DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line).

The Combined Plan and Disclosure Statement can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Plan and Disclosure Statement.

<u>**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**</u>

1. For your vote to count, you must:

   a. Submit your Ballot by <u>***one***</u> of the following methods:

      i. Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") in the return envelope provided or by regular mail, overnight courier, or hand delivery to the following address:

      <u>If by First Class Mail, Overnight Courier or Hand Delivery</u>:

      Desktop Metal, Inc., *et al.*, Ballot Processing
      c/o Kroll Restructuring Administration LLC
      850 3rd Avenue, Suite 412
      Brooklyn, NY 11232

   (to arrange hand delivery of your Ballot, please email DesktopMetalBallots@ra.kroll.com (with "Desktop Metal Ballot Delivery" in the subject line) at least 24 hours prior to arrival at the Kroll address above and provide the anticipated date and time of delivery)

      ii. Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Voting Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>"). To submit your Ballot through the E-Balloting Portal go to https://cases.ra.kroll.com/DesktopMetal, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your E-Ballot.

         • IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

            Unique E-Ballot ID#:_____

         • Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

         • The E-Balloting Portal is the manner in which Ballots will be accepted by electronic or online transmission.

   **If you are casting a Ballot using the E-Ballot Portal you should NOT also submit a paper Ballot.**

   b. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Plan and Disclosure Statement by checking the appropriate box;

   c. Review and sign the acknowledgements in Item 3 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Class 4 Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   d. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, September 9, 2025.** If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2. You must vote all your Claims within a single Class under the Combined Plan and Disclosure Statement either to accept or reject the Combined Plan and Disclosure Statement. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Plan and Disclosure Statement

and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Combined Plan and Disclosure Statement likewise will not be counted.

3.   The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

4.   If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

5.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.   PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT DESKTOPMETALINFO@RA.KROLL.COM (WITH "DESKTOP METAL SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT 888-958-4830 (U.S./CANADA, TOLL-FREE) OR +1 646-969-6972 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE COMBINED PLAN AND DISCLOSURE STATEMENT

PLEASE BE ADVISED THAT THE COMBINED PLAN AND DISCLOSURE STATEMENT CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

#### Exculpation

The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the Sale Orders, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); provided however, that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.  Under the Plan, "Exculpated Parties" means (a) the Debtors, (b) the Independent Directors, (c) the CRO, (d) the CTO, (e) the other officers of the Debtors from and after the Petition Date, (f) the Committee, and (g) the members of the Committee, each of the foregoing in items (b) through (g) solely in their capacities as such.

#### Debtor Releases

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "Debtor/Estate Releasors") shall release each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of

any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Chapter 11 Cases, the Sale Orders, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, self-dealing, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.  Under the Plan, "Released Parties" means, collectively, (a) the Independent Directors; (b) the Committee and the individual members thereof; (c) the CRO; (d) the CTO; (e) any other officer of the Debtors from and after the Petition Date; and (f) the following Professionals of the foregoing acting in their capacity as such (1)(i) Pachulski Stang Ziehl & Jones LLP, (ii) Weil, Gotshal & Manges LLP, (iii) FTI Consulting, (iv) Piper Sandler, (v) Kroll, (vi) Province, LLC, (vii) Munch Hardt Kopf & Harr, P.C., and (viii) Lowenstein Sandler LLP, and (2) solely from the time period starting on April 10, 2025, Vinson & Elkins LLP.

Entry of the Confirmation Order shall constitute the Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

### Injunction

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND**
**INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Voting Amount.** The undersigned certifies that, as of the Voting Record Date of August 18, 2025, the undersigned was a Holder of a Class 4 Nano Claim in the amount set forth below:[3]

Voting Amount: _____

---

[3] For voting purposes only, subject to tabulation rules.

PLEASE NOTE THAT YOUR VOTE ON ACCOUNT OF YOUR CLASS 4 NANO CLAIM WILL ALSO BE
APPLIED AS A VOTE ON ACCOUNT OF YOUR CLASS 7 UNSECURED DEFICIENCY CLAIM, IF ANY

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box
only):

☐   **Accept** the Combined Plan and Disclosure Statement          ☐   **Reject** the Combined Plan and
                                                                           Disclosure Statement

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on
obtaining the Combined Plan and Disclosure Statement and the other applicable solicitation materials and certifies
that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Plan and
Disclosure Statement on behalf of the claimant. The undersigned understands that an otherwise properly completed,
executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Plan and
Disclosure Statement or indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will
not be counted for voting purposes.

_____                    _____
Name of Creditor                                       Telephone Number

_____                    _____
Signature                                              Email Address

_____
If by Authorized Agent, Name and Title

_____                    _____
Name of Institution                                    Date Completed

_____
Street Address

_____
City, State, Zip Code

**Exhibit B-3**

**Class 5 Third Lien AHG Claims Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**CLASS 5 (THIRD LIEN AHG CLAIMS) BALLOT**
**FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE**
**STATEMENT AND PLAN OF LIQUIDATION OF DESKTOP METAL, INC. AND**
**ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT"**
> **AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY**
> **THE VOTING DEADLINE OF SEPTEMBER 9, 2025.**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 197] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Plan and Disclosure Statement</u>" or, separately in relevant part, the "<u>Disclosure Statement</u>" or the "<u>Plan</u>").[2] Copies of the Combined Plan and Disclosure Statement may be obtained free of charge on the dedicated webpage of Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/DesktopMetal or upon request to the Voting Agent by (i) telephone at 888-958-4830 (U.S./Canada, toll-free) or +1 646-969-6972 (international, toll), or (ii) email at DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line).

The Combined Plan and Disclosure Statement can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Plan and Disclosure Statement.

**<u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>**

7. For your vote to count, you must:

    a. Submit your Ballot by **<u>*one*</u>** of the following methods:

        i. Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") in the return envelope provided or by regular mail, overnight courier, or hand delivery to the following address:

<u>If by First Class Mail, Overnight Courier or Hand Delivery</u>:

Desktop Metal, Inc., et al., Ballot Processing
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

(to arrange hand delivery of your Ballot, please email DesktopMetalBallots@ra.kroll.com (with "Desktop Metal Ballot Delivery" in the subject line) at least 24 hours prior to arrival at the Kroll address above and provide the anticipated date and time of delivery)

        ii. Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Voting Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>"). To submit your Ballot through the E-Balloting Portal, go to https://cases.ra.kroll.com/DesktopMetal, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your E-Ballot.

        • IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:
          Unique E-Ballot ID#:_____

        • Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

        • The E-Balloting Portal is the manner in which Ballots will be accepted by electronic or online transmission.

**If you are casting a Ballot using the E-Ballot Portal you should NOT also submit a paper Ballot.**

    b. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Plan and Disclosure Statement by checking the appropriate box;

    c. Review and sign the acknowledgements in Item 3 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Class 5 Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    d. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, September 9, 2025.** If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

8. You must vote all your Claims within a single Class under the Combined Plan and Disclosure Statement either to accept or reject the Combined Plan and Disclosure Statement. Accordingly, if you return more than

one Ballot voting different Claims within a single Class under the Combined Plan and Disclosure Statement and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Combined Plan and Disclosure Statement likewise will not be counted.

9.    The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

10.   If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

11.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

12.   PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL **NOT** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT DESKTOPMETALINFO@RA.KROLL.COM (WITH "DESKTOP METAL SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT 888-958-4830 (U.S./CANADA, TOLL-FREE) OR +1 646-969-6972 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE COMBINED PLAN AND DISCLOSURE STATEMENT

PLEASE BE ADVISED THAT THE COMBINED PLAN AND DISCLOSURE STATEMENT CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

<u>Exculpation</u>

The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the Sale Orders, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); provided however, that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.  Under the Plan, "Exculpated Parties" means (a) the Debtors, (b) the Independent Directors, (c) the CRO, (d) the CTO, (e) the other officers of the Debtors from and after the Petition Date, (f) the Committee, and (g) the members of the Committee, each of the foregoing in items (b) through (g) solely in their capacities as such.

<u>Debtor Releases</u>

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "<u>Debtor/Estate Releasors</u>") shall release each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that

the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Chapter 11 Cases, the Sale Orders, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, self-dealing, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.  Under the Plan, "Released Parties" means, collectively, (a) the Independent Directors; (b) the Committee and the individual members thereof; (c) the CRO; (d) the CTO; (e) any other officer of the Debtors from and after the Petition Date; and (f) the following Professionals of the foregoing acting in their capacity as such (1)(i) Pachulski Stang Ziehl & Jones LLP, (ii) Weil, Gotshal & Manges LLP, (iii) FTI Consulting, (iv) Piper Sandler, (v) Kroll, (vi) Province, LLC, (vii) Munch Hardt Kopf & Harr, P.C., and (viii) Lowenstein Sandler LLP, and (2) solely from the time period starting on April 10, 2025, Vinson & Elkins LLP.

Entry of the Confirmation Order shall constitute the Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

### Injunction

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Voting Amount.** The undersigned certifies that, as of the Voting Record Date of August 18, 2025, the undersigned was a Holder of a Class 5 Third Lien AHG Claim in the amount set forth below:[3]

Voting Amount: _____

PLEASE NOTE THAT YOUR VOTE ON ACCOUNT OF YOUR CLASS 5 THIRD LIEN AHG CLAIM WILL ALSO BE APPLIED AS A VOTE ON ACCOUNT OF YOUR CLASS 7 UNSECURED DEFICIENCY CLAIM, IF ANY

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Combined Plan and Disclosure Statement              ☐ **Reject** the Combined Plan and Disclosure Statement

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Plan and Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Plan and Disclosure Statement on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Plan and Disclosure Statement or indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted for voting purposes.

_____               _____
Name of Creditor                                                     Telephone Number

_____               _____
Signature                                                              Email Address

_____
If by Authorized Agent, Name and Title

_____               _____
Name of Institution                                                Date Completed

_____
Street Address

_____
City, State, Zip Code

---

[3] For voting purposes only, subject to tabulation rules.

**Exhibit B-4**

**Class 6 Quinn Claims Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al*., | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**CLASS 6 (QUINN CLAIMS) BALLOT
FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE
STATEMENT AND PLAN OF LIQUIDATION OF DESKTOP METAL, INC. AND
ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT"
> AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY
> THE VOTING DEADLINE OF SEPTEMBER 9, 2025.**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 197] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Plan and Disclosure Statement</u>" or, separately in relevant part, the "<u>Disclosure Statement</u>" or the "<u>Plan</u>").[2] Copies of the Combined Plan and Disclosure Statement may be obtained free of charge on the dedicated webpage of Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/DesktopMetal or upon request to the Voting Agent by (i) telephone at 888-958-4830 (U.S./Canada, toll-free) or +1 646-969-6972 (international, toll), or (ii) email at DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line).

The Combined Plan and Disclosure Statement can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Plan and Disclosure Statement.

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

13.    For your vote to count, you must:

a.    Submit your Ballot by **_one_** of the following methods:

   i.    Completing, executing, and submitting this paper Ballot ("Paper Ballot") in the return envelope provided or by regular mail, overnight courier, or hand delivery to the following address:

   If by First Class Mail, Overnight Courier or Hand Delivery:

   Desktop Metal, Inc., et al., Ballot Processing
   c/o Kroll Restructuring Administration LLC
   850 3rd Avenue, Suite 412
   Brooklyn, NY 11232

(to arrange hand delivery of your Ballot, please email DesktopMetalBallots@ra.kroll.com (with "Desktop Metal Ballot Delivery" in the subject line) at least 24 hours prior to arrival at the Kroll address above and provide the anticipated date and time of delivery)

   ii.    Submitting an electronic Ballot (an "E-Ballot") through the Voting Agent's dedicated, E-Ballot portal (the "E-Balloting Portal"). To submit your Ballot through the E-Balloting Portal go to https://cases.ra.kroll.com/DesktopMetal, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your E-Ballot.

   •    IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:
   Unique E-Ballot ID#:_____

   •    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

   •    The E-Balloting Portal is the manner in which Ballots will be accepted by electronic or online transmission.

**If you are casting a Ballot using the E-Ballot Portal you should NOT also submit a paper Ballot.**

b.    In the boxes provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Combined Plan and Disclosure Statement by checking the appropriate box;

c.    Review and sign the acknowledgements in Item 3 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Class 6 Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

d.    **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is _received_ by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, September 9, 2025.** If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

14.    You must vote all your Claims within a single Class under the Combined Plan and Disclosure Statement either to accept or reject the Combined Plan and Disclosure Statement. Accordingly, if you return more than

one Ballot voting different Claims within a single Class under the Combined Plan and Disclosure Statement and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Combined Plan and Disclosure Statement likewise will not be counted.

15. The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

16. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

17. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

18. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT (DESKTOPMETALINFO@RA.KROLL.COM (WITH "DESKTOP METAL SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR BY TELEPHONE AT 888-958-4830 (U.S./CANADA, TOLL-FREE) OR +1 646-969-6972 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE COMBINED PLAN AND DISCLOSURE STATEMENT

PLEASE BE ADVISED THAT THE COMBINED PLAN AND DISCLOSURE STATEMENT CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

#### Exculpation

The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the Sale Orders, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); provided however, that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.  Under the Plan, "Exculpated Parties" means means (a) the Debtors, (b) the Independent Directors, (c) the CRO, (d) the CTO, (e) the other officers of the Debtors from and after the Petition Date, (f) the Committee, and (g) the members of the Committee, each of the foregoing in items (b) through (g) solely in their capacities as such.

#### Debtor Releases

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "Debtor/Estate Releasors") shall release each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that

the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Chapter 11 Cases, the Sale Orders, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, self-dealing, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.  Under the Plan, "Released Parties" means, collectively, (a) the Independent Directors; (b) the Committee and the individual members thereof; (c) the CRO; (d) the CTO; (e) any other officer of the Debtors from and after the Petition Date; and (f) the following Professionals of the foregoing acting in their capacity as such (1)(i) Pachulski Stang Ziehl & Jones LLP, (ii) Weil, Gotshal & Manges LLP, (iii) FTI Consulting, (iv) Piper Sandler, (v) Kroll, (vi) Province, LLC, (vii) Munch Hardt Kopf & Harr, P.C., and (viii) Lowenstein Sandler LLP, and (2) solely from the time period starting on April 10, 2025, Vinson & Elkins LLP.

Entry of the Confirmation Order shall constitute the Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

### Injunction

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Voting Amount.** The undersigned certifies that, as of the Voting Record Date of August 18, 2025, the undersigned was a Holder of a Class 6 Quinn Claim in the amount set forth below:[3]

Voting Amount: _____

---

[3] For voting purposes only, subject to tabulation rules.

PLEASE NOTE THAT YOUR VOTE ON ACCOUNT OF YOUR CLASS 6 QUINN CLAIM WILL ALSO BE APPLIED AS A VOTE ON ACCOUNT OF YOUR CLASS 7 UNSECURED DEFICIENCY CLAIM, IF ANY

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Combined Plan and Disclosure Statement          ☐ **Reject** the Combined Plan and Disclosure Statement

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Plan and Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to accept or reject the Combined Plan and Disclosure Statement on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Plan and Disclosure Statement or indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted for voting purposes.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor | Telephone Number |
| _____ | _____ |
| Signature | Email Address |
| _____ | |
| If by Authorized Agent, Name and Title | |
| _____ | _____ |
| Name of Institution | Date Completed |
| _____ | |
| Street Address | |
| _____ | |
| City, State, Zip Code | |

**<u>Exhibit B-5</u>**

**Class 7 General Unsecured Claims Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**CLASS 7 (UNSECURED CLAIMS) BALLOT
FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE
STATEMENT AND PLAN OF LIQUIDATION OF DESKTOP METAL, INC. AND
ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**THIS BALLOT IS FOR HOLDERS OF UNSECURED CLAIMS THAT ARE <u>NOT</u> ARISING FROM THE
CONVERTIBLE SENIOR NOTES.  HOLDERS OF UNSECURED CLAIMS ARISING FROM THE
CONVERTIBLE SENIOR NOTES MUST SUBMIT THE BALLOTS SPECIFICALLY INTENDED FOR
HOLDERS OF CONVERTIBLE SENIOR NOTES.**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT"
> AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY
> THE VOTING DEADLINE OF SEPTEMBER 9, 2025.**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 198] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Combined Plan and Disclosure Statement</u>" or, separately in relevant part, the "<u>Disclosure Statement</u>" or the "<u>Plan</u>").[2] Copies of the Combined Plan and Disclosure Statement may be obtained free of charge on the dedicated webpage of Kroll Restructuring Administration LLC ("<u>Kroll</u>" or the "<u>Voting Agent</u>") at https://cases.ra.kroll.com/DesktopMetal or upon request to the Voting Agent by (i) telephone at 888-958-4830 (U.S./Canada, toll-free) or +1 646-969-6972 (international, toll), or (ii) email at DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line).

The Combined Plan and Disclosure Statement can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement (i) provides fair and equitable

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Plan and Disclosure Statement.

treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

### VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

19.     For your vote to count, you must:

a.    Submit your Ballot by **_one_** of the following methods:

i.    Completing, executing, and submitting this paper Ballot ("Paper Ballot") in the return envelope provided or by regular mail, overnight courier, or hand delivery to the following address:

<u>If by First Class Mail Overnight Courier or Hand Delivery</u>:

Desktop Metal, Inc., *et al.*, Ballot Processing
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

(to arrange hand delivery of your Ballot, please email DesktopMetalBallots@ra.kroll.com (with "Desktop Metal Ballot Delivery" in the subject line) at least 24 hours prior to arrival at the Kroll address above and provide the anticipated date and time of delivery)

ii.    Submitting an electronic Ballot (an "E-Ballot") through the Voting Agent's dedicated, E-Ballot portal (the "E-Balloting Portal"). To submit your Ballot through the E-Balloting Portal go to https://cases.ra.kroll.com/DesktopMetal, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your E-Ballot.

- IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

  Unique E-Ballot ID#:_____

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the manner in which Ballots will be accepted by electronic or online transmission.

**If you are casting a Ballot using the E-Ballot Portal you should NOT also submit a paper Ballot.**

b.    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Plan and Disclosure Statement by checking the appropriate box;

c.    Review and sign the acknowledgements in Item 3 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Class 7 Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

d.    **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is _received_ by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, September 9, 2025**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

20.  You must vote all your Claims within a single Class under the Combined Plan and Disclosure Statement either to accept or reject the Combined Plan and Disclosure Statement. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Plan and Disclosure Statement and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Combined Plan and Disclosure Statement likewise will not be counted.

21.  The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

22.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

23.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

24.  PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT DESKTOPMETALINFO@RA.KROLL.COM (WITH "DESKTOP METAL SOLICITATION INQUIRY" IN THE SUBJECT LINE)) OR BY TELEPHONE AT 888-958-4830 (U.S./CANADA, TOLL-FREE) OR +1 646-969-6972 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

### NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE COMBINED PLAN AND DISCLOSURE STATEMENT

PLEASE BE ADVISED THAT THE COMBINED PLAN AND DISCLOSURE STATEMENT CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

#### Exculpation

The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the Sale Orders, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); provided however, that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.  Under the Plan, "Exculpated Parties" means (a) the Debtors, (b) the Independent Directors, (c) the CRO, (d) the CTO, (e) the other officers of the Debtors from and after the Petition Date, (f) the Committee, and (g) the members of the Committee, each of the foregoing in items (b) through (g) solely in their capacities as such.

#### Debtor Releases

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "Debtor/Estate Releasors") shall release each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf

of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Chapter 11 Cases, the Sale Orders, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, self-dealing, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.  Under the Plan, "Released Parties" means, collectively, (a) the Independent Directors; (b) the Committee and the individual members thereof; (c) the CRO; (d) the CTO; (e) any other officer of the Debtors from and after the Petition Date; and (f) the following Professionals of the foregoing acting in their capacity as such (1)(i) Pachulski Stang Ziehl & Jones LLP, (ii) Weil, Gotshal & Manges LLP, (iii) FTI Consulting, (iv) Piper Sandler, (v) Kroll, (vi) Province, LLC, (vii) Munch Hardt Kopf & Harr, P.C., and (viii) Lowenstein Sandler LLP, and (2) solely from the time period starting on April 10, 2025, Vinson & Elkins LLP.

Entry of the Confirmation Order shall constitute the Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

<u>Injunction</u>

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND**
**INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Voting Amount.** The undersigned certifies that, as of the Voting Record Date of August 18, 2025, the undersigned was a Holder of a Class 7 Unsecured Claim in the amount set forth below:[3]

---

[3] For voting purposes only, subject to tabulation rules.

Voting Amount: _____

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐   **Accept** the Combined Plan and Disclosure Statement            ☐   **Reject** the Combined Plan and Disclosure Statement

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Plan and Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Plan and Disclosure Statement on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Plan and Disclosure Statement or indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted for voting purposes.

_____              _____
Name of Creditor                                                Telephone Number

_____              _____
Signature                                                          Email Address

_____
If by Authorized Agent, Name and Title

_____              _____
Name of Institution                                           Date Completed

_____
Street Address

_____
City, State, Zip Code

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[4] | (Jointly Administered) |

**MASTER BALLOT FOR HOLDERS OF CONVERTIBLE SENIOR NOTES[5] IN CLASS 7 UNSECURED CLAIMS, FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF DESKTOP METAL, INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**IN ORDER FOR THE VOTES ON THIS MASTER BALLOT TO BE COUNTED, THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE OF SEPTEMBER 9, 2025.**

This master ballot (the "Master Ballot" or "Ballot") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes to accept or reject the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 197] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Plan and Disclosure Statement" or, separately in relevant part, the "Disclosure Statement" or the "Plan").[6] Copies of the Combined Plan and Disclosure Statement may be obtained free of charge on the dedicated webpage of Kroll Restructuring Administration LLC ("Kroll" or the "Voting Agent") at https://cases.ra.kroll.com/DesktopMetal or upon request to the Voting Agent by (i) telephone at 888-958-4830 (U.S./Canada, toll-free) or +1 646-969-6972 (international, toll), or (ii) email at DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line).

You are receiving this Master Ballot because you are the Nominee (as defined below) of a Beneficial Holder of the Convertible Senior Notes as of August 18, 2025 (the "Voting Record Date"). This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders of the Convertible Senior Notes indicated on **Annex A**, to transmit to the Voting Agent the votes of such Beneficial Holders in respect of their Claims to accept or reject the Plan.

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder

---

[4]     The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[5]     6.0% Convertible Senior Notes due 2027.

[6]     All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Plan and Disclosure Statement.

Ballot (as defined below), and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

You are authorized to transmit solicitation materials and information to, and collect votes to accept or to reject the Plan from, your Beneficial Holder clients in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot (as defined below), an online platform, by phone, facsimile, or other electronic means.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you transmit votes. You or the Beneficial Holders of the Claims for whom you are the Nominee may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of such Claims.

The Combined Plan and Disclosure Statement can be confirmed by the Bankruptcy Court and, thereby, made binding on creditors if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT DESKTOPMETALINFO@RA.KROLL.COM (WITH "DESKTOP METAL SOLICITATION INQUIRY" IN THE SUBJECT LINE)) OR BY TELEPHONE AT 888-958-4830 (U.S./CANADA, TOLL-FREE) OR +1 646-969-6972 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**PLEASE READ THE VOTING INFORMATION AND**
**INSTRUCTIONS PROVIDED HEREIN BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Voting Amount.** The undersigned certifies that, as of the Voting Record Date of August 18, 2025, the undersigned (please check the applicable box):

☐        Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Claims listed in Item 2 below, or

☐        Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of Claims listed in Item 2 below, or

☐        Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner of the aggregate principal amount of Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Claims described in Item 2.

**Item 2. Claims Vote on the Plan.** The undersigned transmits the following votes of Beneficial Holders of Claims arising on account of the Convertible Senior Notes indicated on **Annex A** and certifies that the following Beneficial Holders of such Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed ballots (the "Beneficial Holder Ballots") casting such votes as indicated and containing instructions for the casting of those votes on their behalf. For purposes of this Master Ballot, accrued or unmatured interest should not be included.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all its Claims to accept or reject the Plan and may not split such vote.  Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

| Your Customer Account Number for Each Beneficial Holder of Claims | Principal Amount Held as of Voting Record Date | Indicate the vote cast on the Beneficial Holder Ballot by checking the appropriate box below. | | |
|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan |
| 1 | $ | | | |
| 2 | $ | | | |
| 3 | $ | | | |
| 4 | $ | | | |
| 5 | $ | | | |
| 6 | $ | | | |
| TOTALS | $ | | | |

**Item 3. Other Ballots Submitted by Beneficial Holders in the Same Class.**  The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 3 of the Beneficial Holder Ballot:

| Customer account number and/or Customer Name for each Beneficial Holder who completed Item 2 of the Beneficial Holder Ballot. | Beneficial Holder's Account Number at Other Nominee | Name of Registered Holder or Other Nominee | DTC Participant Number of Other Nominee | Principal Amount of Other Claims Voted | Plan Vote of Other Claims (Accept or Reject) | CUSIP of other Class Claim Votes |
|---|---|---|---|---|---|---|
| 1. | | | | $ | | |
| 2. | | | | $ | | |
| 3. | | | | $ | | |
| 4. | | | | $ | | |
| 5. | | | | $ | | |

**Item 4. Certifications.**  By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

    a.    it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Beneficial Holder Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims listed in Item 2 above;

    b.    it has received a completed and signed Beneficial Holder Ballot (or other accepted and customary method of communicating a vote) from each Beneficial Holder listed in Item 2 of this Master Ballot;

    c.    it is the registered Holder of all the Claims listed in Item 2 above being voted, or it has been authorized by each Beneficial Holder of the Claims listed in Item 2 above to vote on the Plan;

d.      no other Master Ballots with respect to the same Claims identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Claims, then any such earlier received Master Ballots are hereby revoked;

e.      it has properly disclosed: (i) the number of Beneficial Holders of Claims who completed the Beneficial Holder Ballots; (ii) the respective amounts of the Claims owned, as the case may be, by each Beneficial Holder of the Claims who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder of Claims' respective vote concerning the Plan; (iv) each such Beneficial Holder of Claims' certification as to other Claims voted in the same Class; and (v) the customer account or other identification number for each such Beneficial Holder of Claims; and

f.      it will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders of Claims (whether properly completed or defective) for at least one year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, if so ordered.

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| Name of Proxy Holder or Agent for Nominee (if applicable): | |
| | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |
| Email Address: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED OR VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, OR VIA ELECTRONIC MAIL SERVICE TO:**

If by First Class Mail, Overnight Courier or Hand Delivery:

Desktop Metal, Inc., et al., Ballot Processing
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

(to arrange hand delivery of your Ballot, please email DesktopMetalBallots@ra.kroll.com (with "Desktop Metal Ballot Delivery" in the subject line) at least 24 hours prior to arrival at the Kroll address above and provide the anticipated date and time of delivery)

OR

DesktopMetalBallots@ra.kroll.com **(with "Desktop Metal Master Ballot Submission" in the subject line)**

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE SEPTEMBER 9, 2025, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED BY THIS MASTER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

<u>**INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT**</u>

1.      The Debtors are soliciting the votes of Holders of Class 7 Unsecured Claims arising from the Convertible Senior Notes.  Capitalized terms used in the Master Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Master Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2.      The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.      You should immediately distribute the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. You may distribute the Solicitation Packages and solicitation information to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.  Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Voting Agent, a Master Ballot that reflects the vote of such Beneficial Holders by <u>September 9, 2025</u> or otherwise validate the Master Ballot in a manner acceptable to the Voting Agent.

4.      If you are transmitting the votes of any Beneficial Holder of Claims other than yourself, you may either:

   a.      "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Claim for voting within three Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Voting Agent in the return envelope to be provided in the Solicitation Package.  A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; applying a medallion guarantee to the Ballot, (or appending a list of authorized signers), certifying the Beneficial Holder's voting amount as of the Voting Record Date, indicating the account number of the Beneficial Holder and the principal amount of Claims held by the Nominee for such Beneficial Holder; and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder.  The Beneficial Holder then completes the remaining information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Voting Agent.  A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; or

   b.      Within three Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Claim for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee.  In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Voting

Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Voting Agent. The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots (or otherwise transmit their vote) to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent on or before the Voting Deadline.

5.      With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Voting Agent by the Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots (or evidence of the vote transmitted to you) to the Debtors or the Bankruptcy Court.

(i)      The Master Ballot **must** be returned to the Voting Agent so as to be **actually received** by the Voting Agent on or before the Voting Deadline. **The Voting Deadline is September 9, 2025.**

(ii)     If a Master Ballot is received **after** the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following votes will not be counted:**

a.      votes contained on any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

b.      votes contained on any Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan;

c.      votes contained on any Master Ballot sent by facsimile or any electronic means other than electronic mail;

d.      votes contained on any unsigned Master Ballot;

e.      votes contained on any Master Ballot not marked to accept or reject the Plan or marked both to accept and reject; and/or

f.      votes contained on any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

8.      The method of delivery of Master Ballots to the Voting Agent is at the election and risk of each Nominee. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery.

9.      If a Beneficial Holder or Nominee holds a Claim in a voting Class against multiple Debtors, a vote on their Beneficial Holder Ballot will apply to all applicable Classes and Debtors against whom such Beneficial Holder or Nominee has such Claim, as applicable, in that voting Class.

10.     If multiple Master Ballots are received from the same Nominee with respect to the same Claims voted on a Beneficial Holder Ballot prior to the Voting Deadline, the latest, timely received, properly executed, and otherwise valid Master Ballot will supersede and revoke any earlier received Master Ballots.

11.     The Master Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or Interest or (b) an assertion or admission of a Claim or Interest.

12.     **Please be sure to sign and date the Master Ballot**. You should indicate that you are signing the Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a

corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.    If you are both the Nominee and the Beneficial Holder of any of the Convertible Senior Notes Claims indicated on **Annex A**, and you wish to vote such Claims, you may vote such Claims where indicated on the Master Ballot for such Claims and you must vote your entire Claims in the same Class to either accept or reject the Plan and may not split your vote.

14.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, in which case all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity may be counted separately as a vote to accept or reject the Plan.  Any party in interest may contest any such aggregation of multiple Claims at the Confirmation Hearing.

15.    The following additional rules shall apply to Master Ballots:

    a.    Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims as of the Voting Record Date, as evidenced by the record and depository listings.

    b.    Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Claims held by such Nominee;

    c.    To the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Voting Agent will attempt to reconcile discrepancies with the Nominee;

    d.    To the extent that over-votes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the over-vote, but only to the extent of the Nominee's position in the Claims; and

    e.    For purposes of tabulating votes, each Holder holding through a particular account will be deemed to have voted the principal amount relating to its holdings in that particular account, although the Voting Agent may be asked to adjust such principal amount to reflect the Claim amount.

**PLEASE MAIL YOUR MASTER BALLOT PROMPTLY**

---

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS SEPTEMBER 9, 2025, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

**Annex A**

**Please check one (and only one) box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on an exhibit thereto). If you check more than one box, you risk having the Beneficial Holder votes submitted through this Master Ballot invalidated.**

| | **Class 7 Unsecured Claims (Convertible Senior Notes)** | |
|---|---|---|
| ☐ | 6.0% Convertible Senior Notes due 2027 (144A) | CONTRA CUSIP 250PUTAA3 <br> CUSIP 25058XAC9/ ISIN US25058XAC92 |
| ☐ | 6.0% Convertible Senior Notes due 2027 (144A) | CONTRA CUSIP 250CSHAA1 <br> CUSIP 25058XAC9/ ISIN US25058XAC92 |
| ☐ | 6.0% Convertible Senior Notes due 2027 | CUSIP 25058XAD7/ ISIN US25058XAD75 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR BENEFICIAL HOLDERS OF CONVERTIBLE SENIOR NOTES[2] IN CLASS 7 UNSECURED CLAIMS, FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF DESKTOP METAL, INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**PLEASE READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT AND FOLLOW THE RELEVANT INSTRUCTIONS.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE VOTING AGENT BY SEPTEMBER 9, 2025 (THE "VOTING DEADLINE").**

**IF, HOWEVER, YOU RECEIVED A "PRE-VALIDATED" BALLOT FROM YOUR NOMINEE WITH INSTRUCTIONS TO SUBMIT SUCH BALLOT DIRECTLY TO THE VOTING AGENT, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST COMPLETE, EXECUTE, AND RETURN THE "PRE-VALIDATED" BALLOT, SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.**

---

This ballot (the "Ballot") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes to accept or reject the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 197] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Plan and Disclosure Statement" or, separately in relevant part, the "Disclosure Statement" or the "Plan").[3] Copies of the Combined Plan and Disclosure Statement may be obtained free of charge on the dedicated webpage of Kroll Restructuring Administration LLC ("Kroll" or the "Voting Agent") at https://cases.ra.kroll.com/DesktopMetal or upon request to the Voting Agent by (i) telephone at 888-958-4830 (U.S./Canada, toll-free) or +1 646-969-6972 (international, toll), or (ii) email at DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line).

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2]   6.0% Convertible Senior Notes due 2027.

[3]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Plan and Disclosure Statement.

You are receiving this Ballot for Beneficial Holders of the Convertible Senior Notes indicated on **Annex A** because you are a Beneficial Holder[4] of a Claim arising on account of the Convertible Senior Notes as of August 18, 2025 (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.  You can cast your vote through this Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, who will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of the Convertible Senior Notes.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you transmit votes.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of Convertible Senior Notes Claims.

The Combined Plan and Disclosure Statement can be confirmed by the Bankruptcy Court and, thereby, made binding on creditors if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Combined Plan and Disclosure Statement and if the Combined Plan and Disclosure Statement otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Plan and Disclosure Statement if it finds that the Combined Plan and Disclosure Statement (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Plan and Disclosure Statement and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT DESKTOPMETALINFO@RA.KROLL.COM (WITH "DESKTOP METAL SOLICITATION INQUIRY" IN THE SUBJECT LINE)) OR BY TELEPHONE AT 888-958-4830 (U.S./CANADA, TOLL-FREE) OR +1 646-969-6972 (INTERNATIONAL, TOLL). PLEASE REFER QUESTIONS ABOUT THE VOTING INSTRUCTIONS YOU HAVE RECEIVED FROM YOUR NOMINEE TO YOUR NOMINEE.  DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**PLEASE READ THE VOTING INFORMATION AND
INSTRUCTIONS PROVIDED HEREIN BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1, 2, AND 3. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Voting Amount.** The undersigned certifies that, as of the Voting Record Date of August 18, 2025, the undersigned was a Holder of a Class 7 Unsecured Claim arising from the Convertible Senior Notes in the amount set forth below (if the Voting Amount is not pre-filled below and you do not know the amount of your Class 7 Unsecured Convertible Senior Notes Claim as of the Voting Record Date, please ask your Nominee for this information without delay):[5]

Voting Amount (principal only): _____

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check one box only):

☐  **Accept** the Combined Plan and Disclosure Statement          ☐  **Reject** the Combined Plan and Disclosure Statement

---

[4] A "Beneficial Holder" means a beneficial owner of the Convertible Senior Notes whose Claims have not been satisfied prior to the Voting Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees.

[5] For voting purposes only, subject to tabulation rules.

**Item 3. Other Ballots Submitted.** By returning this Ballot, the Holder of the Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for Claims identified in Item 1 owned by such Holder (or in the case of an authorized signatory, your principal), except as identified in the following table, and (b) all Ballots submitted by the Holder in the same Class indicate the same vote to accept or reject the Plan that the Holder has indicated in <u>Item 1</u> of this Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER CLAIMS IN THE SAME CLASS ON OTHER BALLOTS**

| Beneficial Holder's Account Number at Other Nominee | Name of Registered Holder or Other Nominee | DTC Participant Number of Other Nominee | Principal Amount of Other Claims Voted | Plan Vote of Other Claims (Accept or Reject) | CUSIP of Other Claims Voted |
|---|---|---|---|---|---|
| | | | $ | | |
| | | | $ | | |
| | | | $ | | |

**Item 4. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Plan and Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Plan and Disclosure Statement on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Plan and Disclosure Statement or indicates both acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted for voting purposes.

_____          _____
Name of Creditor                                         Telephone Number

_____          _____
Signature                                                    Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                                      Date Completed

_____
Street Address

_____
City, State, Zip Code

**IF (AND ONLY IF) YOUR BENEFICIAL HOLDER BALLOT HAS BEEN "PRE-VALIDATED" BY YOUR NOMINEE, YOU MAY RETURN IT DIRECTLY TO THE VOTING AGENT BY ONLY ONE OF THE FOLLOWING METHODS:**

**PLEASE COMPLETE, SIGN, AND DATE YOUR "PRE-VALIDATED BENEFICIAL HOLDER BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, OR VIA ELECTRONIC MAIL SERVICE TO:**

<u>If by First Class Mail, Overnight Courier or Hand Delivery</u>:

Desktop Metal, Inc., et al., Ballot Processing

c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

(to arrange hand delivery of your pre-validated Beneficial Holder Ballot, please email DesktopMetalBallots@ra.kroll.com
(with "Desktop Metal Ballot Delivery" in the subject line) at least 24 hours prior to arrival at the Kroll address above and
provide the anticipated date and time of delivery)

OR

DesktopMetalBallots@ra.kroll.com **(with "Desktop Metal Beneficial Holder Ballot Submission" in the subject
line)**

---

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* YOUR PRE-VALIDATED BENEFICIAL HOLDER BALLOT OR THE MASTER BALLOT SUBMITTED ON YOUR BEHALF WHICH REFLECTS YOUR VOTE ON OR BEFORE SEPTEMBER 9, 2025, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan.  Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.      Unless otherwise instructed by your Nominee, to ensure that your vote is counted, you must submit your Ballot to your Nominee in sufficient time to allow your Nominee to process your vote and submit a Master Ballot so that the Master Ballot is actually received by the Voting Agent by the Voting Deadline.  You may instruct your Nominee to vote on your behalf in the Master Ballot as follows: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to your Nominee in accordance with the instructions provided by your Nominee.  The Voting Deadline for the receipt of Master Ballots by the Voting Agent is <u>September 9, 2025</u>.  Your completed Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Notice and Claims Agent on or before the Voting Deadline.

4.      Your Nominee may choose to "pre-validate" your Beneficial Holder Ballot.  A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; applying a medallion guarantee to the Ballot (or appending a list of authorized signers), certifying the Beneficial Holder's voting amount as of the Voting Record Date, indicating the account number of the Beneficial Holder and the principal amount of Claims held by the Nominee for such Beneficial Holder; and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder.  The Beneficial Holder then completes the remaining information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Voting Agent.  **<u>For the avoidance of doubt, only Beneficial Holder Ballots that have been pre-validated by a Beneficial Holder's Nominee may be submitted directly to the Voting Agent (by only one of the delivery methods set forth above).</u>**

5.      **The following Ballots will <u>not</u> be counted:**

   a.      any Ballot that partially rejects and partially accepts the Plan;

   b.      any Ballot sent to the Debtors, the Debtor's agents (other than the Voting Agent and only with respect to a pre-validated Ballot), any indenture trustee, or the Debtors' financial or legal advisors;

   c.      any Ballot returned to a Nominee not in accordance with the Nominee's instructions;

   d.      any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   e.      any Ballot cast by an Entity that does not hold a Convertible Senior Notes Claim in Class 7 under the Plan;

   f.      any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

   g.      any unsigned Ballot (except in accordance with the Nominee's instructions);

   h.      any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

6.      If your Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors determine otherwise.  In all cases, Beneficial Holders should

allow sufficient time to assure timely delivery of your Ballot to your Nominee.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent and only with respect to a pre-validated Ballot), the Debtors' financial or legal advisors, or any indenture trustee, and if so sent will not be counted.

7.    If you deliver multiple Ballots to your Nominee with respect to the same Claims prior to the Voting Deadline, the last received valid Ballot timely received will supersede and revoke any earlier received Ballots.

8.    You must vote all of your Claims within the same Class either to accept or reject the Plan and may **not** split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Claims within the same Class for the purpose of counting votes.

9.    This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

10.   **Please be sure to sign and date your Ballot**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11.   If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes **only** your Claims indicated on that ballot, so please complete and return each ballot that you receive.

12.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a ballot.

13.   If your Ballot has been "pre-validated" by your Nominee, including a signature and medallion guarantee certifying your Claim amount for voting purposes as of the Voting Record Date, you may submit such "pre-validated" Ballot directly to the Voting Agent by regular mail. overnight courier, or hand delivery or by electronic mail at DesktopMetalBallots@ra.kroll.com (with "Desktop Metal Beneficial Holder Delivery" in the subject line), according to delivery instructions provided above.

14.   Your Nominee is authorized to transmit solicitation materials and information to, and solicit and collect votes from, its Beneficial Holder clients using its customary practices, including electronic transmission, links to online resources, a voter information form in lieu of or in addition to a Ballot, and/or online submission of votes.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.**

## Annex A

**Please check one (and only one) box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on an exhibit thereto). If you check more than one box, you risk having the Beneficial Holder votes submitted through this Master Ballot invalidated.**

| | Class 7 Unsecured Claims (Convertible Senior Notes) | |
|---|---|---|
| ☐ | 6.0% Convertible Senior Notes due 2027 (144A) | CONTRA CUSIP 250PUTAA3<br>CUSIP 25058XAC9/ ISIN US25058XAC92 |
| ☐ | 6.0% Convertible Senior Notes due 2027 (144A) | CONTRA CUSIP 250CSHAA1<br>CUSIP 25058XAC9/ ISIN US25058XAC92 |
| ☐ | 6.0% Convertible Senior Notes due 2027 | CUSIP 25058XAD7/ ISIN US25058XAD75 |

## EXHIBIT C

**Form of Non-Voting Parties Notice (Deemed to Accept)**

1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NON-IMPAIRMENT, (II) INTERIM
APPROVAL OF DISCLOSURES, (III) HEARING TO CONSIDER CONFIRMATION OF
THE PLAN, (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN,
AND (V) BAR DATE FOR FILING ADMINISTRATIVE CLAIMS ESTABLISHED BY THE PLAN**

**To: Holders of: (i) Class 1–Priority Non-Tax Claims; (ii) Class 2 – Other Secured Claims; (iii) Administrative
Claims; and (iv) Priority Tax Claims**

**PLEASE TAKE NOTICE THAT:**

On July 28, 2025 (the "Petition Date"), the Debtors each commenced with this Bankruptcy Court a voluntary case under chapter 11 of the Bankruptcy Code. On August 18, 2025, the Debtors filed the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 197] (the "Combined Plan and Disclosure Statement" or, separately in relevant part, the "Disclosure Statement" or the "Plan").

By an Order dated [●], 2025 (the "Conditional Approval and Procedures Order"), the Bankruptcy Court approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to final approval of the adequacy of information in the Disclosures and Combined Plan and Disclosure Statement.

On **September 11, 2025 at 1:00 p.m. (Central Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Christopher M. Lopez in the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, 4th Floor, Courtroom 401, Houston, TX 77002, to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time.

**Non-Voting Status**. You are receiving this Notice because under the terms of the Combined Plan and Disclosure Statement, either: (a) your Claim(s) are not classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and therefore you are not entitled to vote on the Plan; or (b) you are a holder of a Claim which is defined in the Plan as being in a class receiving an estimated one hundred percent (100%) recovery under the Plan, and therefore deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and are not entitled to vote to accept or reject the Plan. If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request the appropriate Ballot by contacting the Voting Agent.

---

[1]    The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

**Objection Deadline.** Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, Southern District of Texas, 515 Rusk Street, Houston, TX 77002 together with proof of service on or before **September 9, 2025 at 5:00 p.m. (Central Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' Chapter 11 Cases; (b) state with particularity the provision or provisions of the Combined Plan and Disclosure Statement objected to and for any objection asserted, any legal and/or factual basis for such objections; and (c) be served on the parties set forth in paragraph 18 of the Conditional Approval and Procedures Order.

**Administrative Claims Bar Date.** Section III of the Combined Plan and Disclosure Statement sets an Administrative Expense Bar Date for the filing of Administrative Claims arising on or after the Petition Date, thirty (30) days after the Effective Date.

**Copies.** If you wish to receive copies of the Combined Plan and Disclosure Statement, they will be provided, at the Debtors' expenses, as quickly as practicable, upon request to the Debtors' Voting Agent, Kroll Restructuring Administration LLC (the "Voting Agent") by writing to DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line) or calling (888) 958-4830 (U.S./Canada, toll-free) or +1 (646) 969-6972 (international, toll). Copies of the Combined Plan and Disclosure Statement are also available for free on the Voting Agent's website at https://cases.ra.kroll.com/DesktopMetal and are on file with the Clerk of the Bankruptcy Court, and may be reviewed during the regular hours of the Bankruptcy Court or online, for a fee, through the Bankruptcy Court's internet website at https://www.txs.uscourts.gov/page/bankruptcy-court.

## EXCULPATION, RELEASES, AND INJUNCTION

Section XVI of the Combined Plan and Disclosure Statement contains the exculpation, release, and injunction provisions set forth below:

### Exculpation

The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the Sale Orders, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); provided however, that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code. Under the Plan, "Exculpated Parties" means (a) the Debtors, (b) the Independent Directors, (c) the CRO, (d) the CTO, (e) the other officers of the Debtors from and after the Petition Date, (f) the Committee, and (g) the members of the Committee, each of the foregoing in items (b) through (g) solely in their capacities as such.

### Debtor Releases

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "Debtor/Estate Releasors") shall release each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the

Debtors, the Debtors' liquidation, the Chapter 11 Cases, the Sale Orders, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, self-dealing, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.  Under the Plan, "Released Parties" means, collectively, (a) the Independent Directors; (b) the Committee and the individual members thereof; (c) the CRO; (d) the CTO; (e) any other officer of the Debtors from and after the Petition Date; and (f) the following Professionals of the foregoing acting in their capacity as such (1)(i) Pachulski Stang Ziehl & Jones LLP, (ii) Weil, Gotshal & Manges LLP, (iii) FTI Consulting, (iv) Piper Sandler, (v) Kroll, (vi) Province, LLC, (vii) Munch Hardt Kopf & Harr, P.C., and (viii) Lowenstein Sandler LLP, and (2) solely from the time period starting on April 10, 2025, Vinson & Elkins LLP.

Entry of the Confirmation Order shall constitute the Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

**<u>Injunction</u>**

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.

## EXHIBIT D

**Form of Non-Voting Parties Notice (Presumed to Reject)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[26] | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NO RECOVERY, (II) INTERIM
APPROVAL OF DISCLOSURES, (III) HEARING TO CONSIDER CONFIRMATION OF
THE PLAN, (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN,
AND (IV) BAR DATE FOR FILING ADMINISTRATIVE CLAIMS ESTABLISHED BY THE PLAN**

**To: Holders of Class 9 Interests (Non-Voting – Presumed to Reject)**

**PLEASE TAKE NOTICE THAT:**

On July 28, 2025 (the "Petition Date"), the Debtors each commenced with this Bankruptcy Court a voluntary case under chapter 11 of the Bankruptcy Code. On August 18, 2025, the Debtors filed the *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 197] (the "Combined Plan and Disclosure Statement" or, separately in relevant part, the "Disclosure Statement" or the "Plan").

By an Order dated [●], 2025 (the "Conditional Approval and Procedures Order"), the Bankruptcy Court approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Plan and Disclosure Statement as containing adequate information within the meaning of section 1125 of Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to final approval of the adequacy of information in the Disclosures and Combined Plan and Disclosure Statement.

On **September 11, 2025 at 1:00 p.m. (Central Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Christopher M. Lopez in the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, 4th Floor, Courtroom 401, Houston, TX 77002, to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time.

**Non-Voting Status.** You are receiving this Notice because under the terms of the Combined Plan and Disclosure Statement you are not entitled to receive or retain property on account of your Claim(s) against, or Interest(s) in, the Debtors and, therefore, in accordance with section 1126(g) of the Bankruptcy Code, you are (a) deemed to have rejected the Plan and (b) not entitled to vote on the Combined Plan and Disclosure Statement. If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request the appropriate Ballot by contacting the Voting Agent.

**Objection Deadline.** Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court,

---

[26] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

Southern District of Texas, 515 Rusk Street, Houston, TX 77002 together with proof of service on or before **September 9, 2025 at 5:00 p.m. (Central Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' Chapter 11 Cases; (b) state with particularity the provision or provisions of the Combined Plan and Disclosure Statement objected to and for any objection asserted, any legal and/or factual basis for such objections; and (c) be served on the parties set forth in paragraph 18 of the Conditional Approval and Procedures Order.

 **Administrative Claims Bar Date.** Section III of the Combined Plan and Disclosure Statement sets an Administrative Expense Bar Date for the filing of Administrative Claims arising on or after the Petition Date, thirty (30) days after the Effective Date.

 **Copies.** If you wish to receive copies of the Combined Plan and Disclosure Statement, they will be provided, as quickly as practicable, upon request to the Voting Agent, Kroll Restructuring Administration LLC (the "Voting Agent") by writing to DesktopMetalInfo@ra.kroll.com (with "Desktop Metal Solicitation Inquiry" in the subject line) or calling (888) 958-4830 (U.S./Canada, toll-free) or +1 (646) 969-6972 (international, toll). Copies of the Combined Plan and Disclosure Statement are also available for free on the Voting Agent's website at https://cases.ra.kroll.com/DesktopMetal and are on file with the Clerk of the Bankruptcy Court, and may be reviewed during the regular hours of the Bankruptcy Court or online, for a fee, through the Bankruptcy Court's internet website at https://www.txs.uscourts.gov/page/bankruptcy-court.

**EXCULPATION, RELEASES, AND INJUNCTION**

 Section XVI of the Combined Plan and Disclosure Statement contains the exculpation, release, and injunction provisions set forth below:

 **Exculpation**

 The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the Sale Orders, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; provided however, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); provided however, that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code. Under the Plan, "Exculpated Parties" means (a) the Debtors, (b) the Independent Directors, (c) the CRO, (d) the CTO, (e) the other officers of the Debtors from and after the Petition Date, (f) the Committee, and (g) the members of the Committee, each of the foregoing in items (b) through (g) solely in their capacities as such.

 **Debtor Releases**

 Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "Debtor/Estate Releasors") shall release each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Chapter 11 Cases, the Sale Orders, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or

Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, self-dealing, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.  Under the Plan, "Released Parties" means, collectively, (a) the Independent Directors; (b) the Committee and the individual members thereof; (c) the CRO; (d) the CTO; (e) any other officer of the Debtors from and after the Petition Date; and (f) the following Professionals of the foregoing acting in their capacity as such (1)(i) Pachulski Stang Ziehl & Jones LLP, (ii) Weil, Gotshal & Manges LLP, (iii) FTI Consulting, (iv) Piper Sandler, (v) Kroll, (vi) Province, LLC, (vii) Munch Hardt Kopf & Harr, P.C., and (viii) Lowenstein Sandler LLP, and (2) solely from the time period starting on April 10, 2025, Vinson & Elkins LLP.

Entry of the Confirmation Order shall constitute the Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

## Injunction

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors, or the Liquidating Trust under the Plan.

United States Bankruptcy Court
Southern District of Texas

In re:                                                                          Case No. 25-90268-cml

Desktop Metal, Inc.                                                             Chapter 11

Official Committee Of Unsecured Creditor
      Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4                          User: ADIuser                              Page 1 of 3

Date Rcvd: Aug 18, 2025                       Form ID: pdf002                       Total Noticed: 10

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 20, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Desktop Metal, Inc., 63 third Avenue, Burlington, MA 01803-4430 |
| intp | + | Quinn Emanuel Urquhart & Sullivan, LLP, c/o Benjamin I. Finestone, 295 5th Avenue, 9th Floor, New York, NY 10016-7138 |
| cr | + | Specialty Appliances Specialty Appliances, LLC, c/o Trey A. Monsour, Fox Rothschild LLP, 2501 N. Harwood, #1800, Dallas, TX 75201 UNITED STATES 75201-1613 |
| cr | + | The Argen Corporation, Snell & Wilmer LLP, 2501 N Harwood St., Suite 1850, Dallas, TX 75201-1607 |
| cr | + | Trey A. Specialty Appliances, LLC, c/o Trey A. Monsour, Fox Rothschild LLP, 2501 N. Harwood, #1800, Dallas, TX 75201 UNITED STATES 75201-1613 |
| intp | + | U.S. Bank Trust Company, National Association, as, c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | | Email/Text: houston_bankruptcy@LGBS.com | | |
| | | | Aug 18 2025 20:07:00 | Angelina County, Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, PO Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: bankruptcy@abernathy-law.com | | |
| | | | Aug 18 2025 20:07:00 | COLLIN COUNTY TAX ASSESSOR/COLLECTOR, Abernathy, Roeder, Boyd & Hullett, P.C., 1700 Redbud Blvd., Suite 300, McKinney, TX 75069-3276 |
| op | ^ | MEBN | | |
| | | | Aug 18 2025 20:01:09 | Kroll Restructuring Administration LLC, 1 World Trade Center, 31st Floor, New York, NY 10007, UNITED STATES 10007-0090 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | | |
| | | | Aug 18 2025 20:07:00 | Tarrant County, c/o John Kendrick Turner, 3500 Maple Avenue, Suite 800, Dallas, TX 75219, UNITED STATES 75219-3959 |

TOTAL: 4

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Ad Hoc Group of Secured and Convertible Noteholder |
| intp | | Anzu Special Acquisition Corp II |
| intp | | Board of Directors of Desktop Metal, Inc. |
| intp | | Nano Dimension Ltd. and certain of its subsidiarie |
| crcm | | Official Committee Of Unsecured Creditors |
| cr | | Viering, Jentschura & Partner mbB |
| cr | | Wilmington Savings Fund Society, FSB, as Super Sen |

TOTAL: 7 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

District/off: 0541-4        User: ADIuser        Page 2 of 3
Date Rcvd: Aug 18, 2025        Form ID: pdf002        Total Noticed: 10

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 20, 2025        Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 18, 2025 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Anthony Reid Scarcella | on behalf of Interested Party U.S. Bank Trust Company  National Association, as Trustee ascarcella@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com |
| Benjamin Lawrence Wallen | on behalf of Debtor ExOne Americas LLC bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Larry Brewer Dental Lab Inc. bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Beacon Bio  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Desktop Metal  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Brewer Tafla Dental Technologies  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Desktop Metal Operating  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Figur Machine Tools LLC bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Adaptive 3D Technologies  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Dental Arts Laboratories  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor May Dental Arts  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor ExOne Operating  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Desktop Labs  Inc. bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Desktop Metal Securities Corporation bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor EnvisionTEC US LLC bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor Adaptive3D  LLC bwallen@pszjlaw.com, klabrada@pszjlaw.com |
| Benjamin Lawrence Wallen | on behalf of Debtor The Syzygy Memory Plastics Corp. bwallen@pszjlaw.com  klabrada@pszjlaw.com |
| Brenda Lynn Funk | on behalf of Creditor Committee Official Committee Of Unsecured Creditors bfunk@munsch.com |

CourtMail@munsch.com;clujano@munsch.com;hvalentine@munsch.com

**Charles Martin Persons**

on behalf of Creditor Ad Hoc Group of Secured and Convertible Noteholders CharlesPersons@paulhastings.com
michaelmagzamen@paulhastings.com;davidmohamed@paulhastings.com;matlaskowski@paulhastings.com

**Deborah Michelle Perry**

on behalf of Creditor Committee Official Committee Of Unsecured Creditors dperry@munsch.com

**Jana Smith Whitworth**

on behalf of U.S. Trustee US Trustee jana.whitworth@usdoj.gov

**John F Higgins, IV**

on behalf of Interested Party Nano Dimension Ltd. and certain of its subsidiaries jhiggins@porterhedges.com
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

**John Kendrick Turner**

on behalf of Creditor Tarrant County john.turner@lgbs.com  Dora.Casiano-Perez@lgbs.com;John.Turner@ecf.courtdrive.com

**John R Ashmead**

on behalf of Creditor Wilmington Savings Fund Society  FSB, as Super Senior Agent and Third Lien Agent
ashmead@sewkis.com, rodriguezr@sewkis.com

**Kathleen M LaManna**

on behalf of Interested Party U.S. Bank Trust Company  National Association, as Trustee klamanna@goodwin.com,
bankruptcyparalegal@goodwin.com;bankruptcy@goodwin.com

**Maxim Boris Litvak**

on behalf of Debtor Desktop Metal  Inc. mlitvak@pszjlaw.com, hphan@pszjlaw.com

**Megan Young-John**

on behalf of Interested Party Nano Dimension Ltd. and certain of its subsidiaries myoung-john@porterhedges.com
eliana-garfias-8561@ecf.pacerpro.com

**Michael Shane Johnson**

on behalf of Interested Party Nano Dimension Ltd. and certain of its subsidiaries sjohnson@porterhedges.com
emoreland@porterhedges.com;egarfias@porterhedges.com;mwebb@porterhedges.com

**Oliver Stephen Zeltner**

on behalf of Interested Party Anzu Special Acquisition Corp II ozeltner@jonesday.com

**Patricia B. Tomasco**

on behalf of Interested Party Quinn Emanuel Urquhart & Sullivan  LLP pattytomasco@quinnemanuel.com,
barbarahowell@quinnemanuel.com;elliellanas@quinnemanuel.com

**Paul M. Lopez**

on behalf of Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR bankruptcy@abernathy-law.com

**Tara L Grundemeier**

on behalf of Creditor Angelina County houston_bankruptcy@lgbs.com

**Trey A Monsour**

on behalf of Creditor Trey A. Specialty Appliances  LLC tmonsour@foxrothschild.com,
rsolomon@foxrothschild.com;msteen@foxrothschild.com;dandreacchi@foxrothschild.com;TX.DKT@foxrothschild.com

**Trey A Monsour**

on behalf of Creditor Specialty Appliances Specialty Appliances  LLC tmonsour@foxrothschild.com,
rsolomon@foxrothschild.com;msteen@foxrothschild.com;dandreacchi@foxrothschild.com;TX.DKT@foxrothschild.com

**US Trustee**

USTPRegion07.HU.ECF@USDOJ.GOV

**Vianey Garza**

on behalf of U.S. Trustee US Trustee vianey.garza@usdoj.gov

**Zachary A. Cooper**

on behalf of Creditor The Argen Corporation zcooper@swlaw.com
sluby@swlaw.com;DOCKET_DAL@swlaw.com;docket@swlaw.com

**Zachary S McKay**

on behalf of Creditor Viering  Jentschura & Partner mbB zmckay@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com

TOTAL: 38