IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| DESKTOP METAL, INC., *et al.*, | Case No. 25-90268 (CML) |
| Debtors.[1] | (Jointly Administered) |

**RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS REGARDING CONFIRMATION OF
THE DEBTORS' FIRST AMENDED AND RESTATED CHAPTER 11 PLAN**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby files this reservation of rights (this "Reservation of Rights") in connection with confirmation of the Debtors' *First Amended and Restated Combined Disclosure Statement and Plan of Liquidation of Desktop Metal, Inc. and its Affiliated Debtors under Chapter 11 of the Bankruptcy Code* (Docket No. 212) (as revised from time to time, the "Plan")[2], and respectfully states as follows:

**BACKGROUND**

1. On July 28, 2025 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in the Court. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Adaptive3D LLC (3990); Adaptive 3D Technologies, LLC (5893); Beacon Bio, Inc. (9005); Brewer Tafla Dental Technologies, LLC (6452); Dental Arts Laboratories, Inc. (8905); Desktop Labs, Inc. (5344); Desktop Metal Operating, Inc. (7659); Desktop Metal Securities Corporation (9007); Desktop Metal, Inc. (4042); EnvisionTEC US LLC (2483); ExOne Americas LLC (3443); ExOne Operating, LLC (8851); Figur Machine Tools LLC (2489); Larry Brewer Dental Lab Inc. (0215); May Dental Arts, LLC (8558); and The Syzygy Memory Plastics Corp. (8063). The location of the Debtors' corporate headquarters and the Debtors' service address is: 63 Third Avenue, Burlington, MA 01803.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

2. On August 6, 2025, the Office of the United States Trustee appointed the Committee. *See* Docket No. 126. The Committee is comprised of the following members: (i) U.S. Bank Trust Company, National Association, as Trustee for the 6.0% Convertible Senior Notes due 2027; (ii) Consilio, LLC; (iii) Henry Schein Inc.; and (iv) OMNI Control Technology, Inc.

3. On August 18, 2025, the Debtors filed the Plan. Also on August 18, 2025, the Court entered the *Order (I) Granting Interim Approval of the Adequacy of Disclosures in the Combined Plan and Disclosure Statement; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots and (V) Granting Related Relief* (Docket No 211), which conditionally approved the Disclosure Statement and scheduled the Plan confirmation hearing on for September 11, 2025 at 1:00 P.M. (CT) (the "Confirmation Hearing").

## RESERVATION OF RIGHTS

4. Since its formation, the Committee has worked closely with the Debtors and other key stakeholders in an effort to reach consensus on the Plan and to maximize the value of the Debtors' assets, including potentially substantial litigation assets. Those efforts have, to date, been mostly successful. As a result, the Committee has no objection to the basic contours of the Plan, including the creation of the Administration Trust and the Litigation Trust to (i) pursue claims and causes of action against several purported secured creditors that could result in recoveries for all stakeholders including unsecured creditors owed tens of millions of dollars, and (ii) resolve (either by settlement, objection, or other contested matter) the validity, priority and avoidability of certain parties' asserted Claims and Liens. That said, the Plan and related Plan Supplement documents

are still being negotiated, and there are certain items of particular concern for the Committee that need to be addressed to ensure that the Plan is feasible, operates efficiently and effectively, and is value-maximizing.

5. Of primary concern to the Committee is that the Litigation Trust and Administration Trust are sufficiently funded to allow the Litigation Trustee and the Plan Administrator, as applicable, to properly discharge their duties. Indeed, to confirm a chapter 11 plan, the Court must find, among other things, that the plan is feasible—meaning that the plan is reasonably likely to succeed. *See* 11 U.S.C. § 1129(a)(11); *In re Briscoe Enters., Ltd., II*, 994 F.2d 1160, 1166 (5th Cir. 1993). In the context of liquidating chapter 11 plans, the feasibility test may be satisfied by showing that the liquidation *itself* is feasible. *See In re Heritage Org., L.L.C.*, 375 B.R. 230, 311 (Bankr. N.D. Tex. 2007). Where a liquidating plan contemplates the formation of a trust, the plan proponent must demonstrate that the trust can be successfully created and funded, such that it can carry out its purpose. *See id.* (in determining the feasibility of a trust established by a liquidating plan, courts consider whether "assets and claims can be transferred to it," the *res* is sufficient to make distributions to creditors, and "the governance mechanism for the trust is fixed").

6. Any Committee support for the Plan, therefore, would be conditioned on there being sufficient funding for both the Litigation Trust and the Administration Trust. With respect to the Litigation Trust, the Committee recently received and is currently evaluating and negotiating proposed litigation funding terms, to which the Committee reserves all rights. With respect to the Administration Trust, there must be sufficient funding to allow the Plan Administrator to liquidate the Debtors' remaining assets (if any), perform basic administrative functions and, as appropriate, investigate and prosecute any litigation and claim objections transferred to the Administrative

Trust, including causes of action related to questionable liens. Along those same lines, the Litigation Trustee and the Plan Administrator must have sufficient time and resources to challenge any purported Claims and Liens such that those fiduciaries can properly discharge their duties.

7. Relatedly, to the extent there are funds available for distribution to creditors, the Plan or the trust agreements, as applicable, should provide that those funds should be held until all issues relating to the enforceability, perfection, priority, avoidability, or validity of all Claims and Liens are resolved. At a minimum, any payments to any purported secured creditor from the Administration Trust should be explicitly made subject to disgorgement. This is particularly important given that Nano appears to assert an interest in the first dollars to be distributed by the Administration Trust, while at the same time being a potential litigation target of the Litigation Trust.

8. Finally, it goes without saying that these cases are unusually fast moving and, as a result, the Plan and Plan Supplement documents—including the Administration Trust Agreement and Litigation Trust Agreement—are still being negotiated. To that end, the Committee understands that the Debtors will be filing a further revised version of the Plan, which the Committee is still reviewing. Separately, the Committee has not yet seen the confirmation objections, if any, from other key stakeholders and does not know how the Debtors may seek to further modify the Plan and Plan Supplement documents before the Confirmation Hearing to address those objections.[3]

9. For these reasons, the Committee expressly reserves all rights, objections, claims, arguments, defenses, and remedies with respect to confirmation of the Plan (including any

---

[3] Immediately prior to filing this Reservation of Rights, the Ad Hoc Group of Secured and Convertible Noteholders filed a preliminary objection to the Plan (the "AHG Objection") (Docket No. 261). The AHG Objection takes issue with certain proposed releases included in the Plan. The Committee is in the process of reviewing the AHG Objection and will weigh in on any proposed resolution of same and reserves all rights.

subsequent modifications thereto) to the fullest extent, including filing any objection to confirmation of the Plan prior to the Confirmation Hearing and to present any arguments at the Confirmation Hearing, if necessary.

September 5, 2025

**MUNSCH HARDT KOPF & HARR, P.C.**
*/s/ Deborah M. Perry*
Deborah Perry
Texas Bar No. 24002755
Brenda L. Funk
Texas Bar No. 24012664
700 Milam St., Suite 800
Houston, TX 77002
Phone: (713) 222-1470
Fax: (713) 222-1475
E-mail: dperry@munsch.com
E-mail: bfunk@munsch.com

**LOWENSTEIN SANDLER LLP**
Eric Chafetz (admitted *pro hac vice*)
Daniel B. Besikof (admitted *pro hac vice*)
Gianfranco Finizio (admitted *pro hac vice*)
Eric James Seltzer (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 262-6700
Fax: (212) 262-7402
E-mail: echafetz@lowenstein.com
E-mail: dbesikof@lowenstein.com
E-mail: gfinizio@lowenstein.com
E-mail: eseltzer@lowenstein.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

-6-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of September, 2025, she caused a true and correct copy of the foregoing Reservation of Rights to be served electronically on those parties requesting electronic service through the Court's ECF system.

>*/s/ Deborah M. Perry*
>Deborah M. Perry